## Commonwealth, By, et al. v. Stumpf's Admr.

(Decided January 9, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

General Demurrer Sustained—Dismissing Petition for Want of Jurisdiction Void Judgment.—The Circuit Court dismissing an action for want of jurisdiction, and also holding the petition insufficient on general demurrer, the judgment dismissing the action for want of jurisdiction being affirmed, so much of the judgment as held the petition insufficient on demurrer is void, as the court had no jurisdiction of the subject matter.

M. J. HOLT for appellant.

HELM BRUCE, BRUCE & BULLITT for appellee Stumpf.

TYLER BARNETT for appellee German Bank.

WEHLE & WEHLE for appellee German Insurance Bank.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Michael Stumpf resided in Indiana. He had on time deposit in two banks in Louisville a large sum of money on which he was receiving interest at the rate of 3 per cent. per annum. After his death the Citizens Trust Company qualified as administrator in.Indiana and collected from the banks the deposit with interest. Thereafter this proceeding was brought in the Jefferson County Court by Arthur E. Hopkins as revenue agent, against the Citizens Trust Company, as administrator of Michael Stumpf, Adam Stumpf, the devisee under the will, and the two banks to obtain in that court a judgment ascertaining the amount of the inheritance tax due. The administrator did not appear, but Adam Stumpf, the devisee, and the two banks, filed a special demurrer to the petition on the ground that the Jefferson County Court had no jurisdiction. The court sustained the demurrer and dismissed the proceeding. The plaintiff appealed

to the Jefferson Circuit Court which sustained the special demurrer and also sustained the general demurrer to the petition which had been filed with the special demurrer. The proceeding having been dismissed, the Commonwealth appeals.

The decedent, Michael Stumpf, owned no real estate in Jefferson County, and did not reside there. He resided in Indiana. The case is practically the same as Commonwealth v. Cumberland Telephone & Telegraph Co., this day decided, in which we hold that the Jefferson County Court in such a state of case is without jurisdiction. The county court being without jurisdiction, properly dismissed the proceeding. When the case reached the circuit court on appeal from the county court that court was likewise without jurisdiction. When it held that it was without jurisdiction, this was an end of the case. So much of its judgment as sustained the general demurrer to the petition is void, as it had no power to render any judgment on the merits when it was without jurisdiction. This conclusion makes it unnecessary for us to consider any of the other matters urged by counsel, and no opinion is intimated on these matters as the question of jurisdiction is the only one properly before us on the appeal.

Judgment affirmed.