See also the next case.

---

## Kerr's Estate.   Commonwealth's Appeal.

*Collateral inheritance tax—Decedents' estates—Compromised claims.*

The collateral inheritance tax cannot be imposed upon moneys paid to extinguish the title of persons claiming adversely to the decedent, or upon property surrendered by way of compromise to persons so claiming.

Testatrix devised her estate to a friend, who died pending an issue devisavit vel non. The heirs of the devisee compromised with the contestants and surrendered a portion of the estate to them. *Held*, that the property thus surrendered never formed a part of the devisee's estate, and was not liable as such to the collateral inheritance tax.

Argued Jan. 12, 1894.   Appeal, No. 10, Jan. T., 1894, by the Commonwealth, from decree of O. C. Phila. Co., April T., 1890, No. 101, on appeal from assessment of collateral inheritance tax, in estate of Mary J. Kerr, deceased.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.

Appeal from assessment of collateral inheritance tax.

From the record it appeared that Elizabeth S. Palmer died Sept. 25, 1886, leaving a will, which was duly admitted to probate, by which she left all her property to Mary Jane Kerr, a friend.   The heirs at law and next of kin of Mrs. Palmer thereupon began proceedings to contest her will.   Mrs. Kerr died in the meantime, and the contest was afterwards compromised, by her heirs at law and next of kin entering into an agreement by which they withdrew all claim to Mrs. Palmer's personalty and to one half of her realty.   In assessing the collateral inheritance tax upon Mrs. Kerr's estate the register of wills declined to make any deduction by reason of the property

surrendered under this agreement. From this decision E. R. Hallman, her administrator d. b. n., appealed.

The opinion of the court below was as follows, by PEN-ROSE, J.:

" Collateral inheritance tax can only be imposed in the cases specified by the statute, viz., upon real or personal estate passing at the death of the owner, ' either by will or under the intestate laws of this state, or . . . . transferred by deed, grant, bargain, or sale, made or intended to take effect in possession or enjoyment after the death of the grantor or bargainer,' to the persons, etc., made subject to such tax.

" No liberality of construction can extend the language of the statute so as to make it include either moneys paid to extinguish the title of persons claiming adversely to the decedent whose estate is liable to taxation, or property surrendered by way of compromise to the persons so claiming, and thus never forming part of the decedent's estate at all. Such persons are neither legatees nor devisees, heirs or next of kin, nor are they grantees, etc., under assignments or transfers made or intended to take effect after the death of the bargainer. The allowance or compromise of their claims simply reduces the estate afterwards passing to volunteers, with the same effect as if the reduction had been caused by the payment of debts, or as if the payment or surrender had been the result of a suit terminating in favor of the claimant.

" It was conceded at the argument that the tax was paid upon the entire estate of Elizabeth S. Palmer, the original testatrix ; and the question now presented only affects the tax chargeable against the estate of Mary J. Kerr, her residuary legatee and devisee. The validity of the will was impeached, and only so much of Elizabeth S. Palmer's estate as remained after the recognition of the rights of those who claimed under the intestate laws became the estate of her beneficiary. No more than this is taxable as the estate of the latter.

" The appeal is sustained, and the appraisement for taxation corrected in accordance with this opinion."

*Error assigned* was decree as above.

*Howard W. Page, S. Davis Page, E. P. Allinson, Bois Penrose* and *W. U. Hensel,* attorney general, with him, for appellant.—

The will once admitted to probate, the Palmer relatives must claim under and not against it, so long as the decree of the register admitting it to probate remains in force.  By that decree Mrs. Kerr's title under the will, inchoate and imperfect up to that time, was perfected and related back to Mrs. Palmer's death, so that in contemplation of law she was seized of the realty and possessed of the personalty as of that date : Fuller's Case, 2 Story (U. S.) 327 ; 19 A. & E. Enc. L. 181 ; Shoemaker v. Walker, 2 S. & R. 555 ; Purd. Dig., 582, pl. 92 ; Ives v. Cress, 5 Pa. 121 ; Jones v. Patterson, 12 Pa. 153 ; Peeble's Ap., 15 S. & R. 39.

Since the passage of the act of April 22, 1856, P. L. 533, it has been held that the probate of a will, devising real estate, by the register of wills, is a judicial act, which cannot be impeached collaterally, and is conclusive upon all persons interested, unless contested within five years : Cochran v. Young, 104 Pa. 333 ; McCort's Ap., 98 Pa. 33 ; Wilson v. Gaston, 92 Pa. 207.

Nor can the decision of the register be reversed and set aside by the decision of the register of another county, even though the record fail to show jurisdictional facts : Shoenberger's Ap., 139 Pa. 132.

Upon the question of seizin and devolution, Frank's Estate, 28 W. N. 323, a case decided by the orphans' court in 1891, not cited upon the argument below, is in point.

The fact that after the will had been admitted to probate, proceedings were taken in the orphans' court by the Palmer relatives to contest its validity, and an issue awarded to the common pleas, did not divest Mrs. Kerr's title, pending the determination of those proceedings : Westcott v. Edmunds, 68 Pa. 34.

Had the payment been made pursuant to an agreement of compromise made by Mrs. Kerr in her lifetime we concede that it might well be regarded as a debt due from her estate, as suggested by the court below.  Small's Est., 151 Pa. 1, is in point.

*J. Rodman Paul*, and *Biddle & Ward*, for appellee, not heard, cited : Neal's Est., 17 W. N. 192 ; South's Est., 2 W. N. 212 ; Stinger v. Com., 26 Pa. 429 ; Commonwealth's Ap., 34 Pa.

204; Reish v. Com., 106 Pa. 521; James's Est., 2 Del. Co. R. 164; Frank's Est., 28 W. N. 323; Orcutt's Ap., 97 Pa. 179; Strode v. Com., 52 Pa. 189.

PER CURIAM, January 22, 1894:

We deem it unnecessary to add anything to what has been so well said by the learned judge who delivered the opinion of the orphans' court. For reasons given by him we think the decree should not be disturbed.

Decree affirmed and appeal dismissed with costs to be paid by appellant.