## DeWitt, et al., Executors v. Commonwealth.

(Decided May 27, 1919.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Taxation—Inheritance Tax.—Whether certain personal property of a nonresident decedent situated in the State of Kentucky, devised to collateral kindred by his will, is liable to an inheritance tax under its laws, is the question involved in this case; the statute imposing the tax having been enacted in 1906, and amended in 1914, and the death of the decedent having occurred in 1912.

2. Taxation—Inheritance Tax—Statutory Provisions.—As the act of 1906 imposed a tax on the succession to property such as was devised by the will of the testator, without providing adequate means or procedure for enforcing its collection, and the amendment of 1914 remedied the defect by giving jurisdiction to the county court of the county in which the property is situated to determine the amount of such tax and enforce its collection, the provisions of the latter act are applicable to the property upon which it is sought to collect the tax in this case; and as the property is yet undistributed, the jurisdiction of the county court was properly invoked to compel its payment.

3. Taxation—Inheritance Tax—Statutory Provisions.—It is at the death of the decedent that the title to property passes to the heirs, devisees or legatees and that the right of the state to the inheritance tax accrues, although actual enjoyment is postponed by the delays incident to the administration of the estate. The occasion for the tax being the devolution of property, it should usually attach to such interests only as arise by reason of a death subsequent to the passage of the act imposing the tax. The statute is not given a retrospective operation, so as to reach estates of persons who have died before its enactment, unless its terms clearly demand such an interpretation. But the method of procedure for the ascertainment and collection of the tax is controlled by the statute in force at the time of the institution of the proceeding, although the tax itself and the rights of the parties are controlled by an earlier statute.

HUMPHREY, MIDDLETON & HUMPHREY for appellant.

A. SCOTT BULLITT and JAMES HEMPHILL for appellee.

Opinion of the Court by Judge Settle—Granting appeal and affirming judgment.

The question presented for decision in this case is, whether there should be paid to the Commonwealth of Kentucky by the executors of the will of George G. De-Witt, deceased, an inheritance tax on the value of certain, as yet undistributed, personal property, having a legal situs in this state and which was devised by his will to certain collateral kindred. George G. DeWitt died testate January 12, 1912, in the city and state of New York, leaving an estate of more than $1,500,000 in value.

The will, which disposed of the entire estate, was duly admitted to probate by an order of the probate court of the county and state of the testator's residence at the time of his death, and was immediately followed by the qualification in the same court of the three executors appointed by the will.

The property upon which is claimed the inheritance tax here involved, consists of 230 shares of the capital stock of the Southern Pacific Railroad Company, a Kentucky corporation. As the corporation, if the Commonwealth was entitled to the inheritance tax, would have made itself amenable to a statutory penalty, by transferring the stock on its books at the request of the executors without requiring the payment of the tax, it refused to make the transfer requested by them and the executors instituted this proceeding in the Jefferson county court against the Commonwealth of Kentucky and sheriff of Jefferson county to have determined the question of the right of the state to the inheritance tax claimed, which right was sustained by the county court, and from its judgment, so declaring, the executors took an appeal to the Jefferson circuit court, chancery branch, first division, with like result. From the latter judgment they have moved for and prayed an appeal in this court.

There is no issue between the parties as to the amount of inheritance tax that should be paid by the executors of DeWitt's will, if any is collectible. It appears from the report of the tax appraiser filed in the county court, the correctness of which is not questioned, that the stock in the Kentucky corporation disposed of by the will to the six collateral legatees named therein, after making the *pro rata* legal deductions and exemptions allowed by the tax statute as to each legatee, has a net value subject to

the inheritance tax of $9,716.75, which at 5 per cent will make the tax $485.84, and for this amount the Commonwealth recovered judgment both in the county and circuit courts.

It is, however, earnestly contended by appellants that there was no inheritance tax due the Commonwealth from the estate of the testator, DeWitt, under the law at the time of the latter's death; that although the statute known as the act of 1906 was in force at the time of his death and that it did by its terms impose an inheritance tax on the succession to property such as is here involved, as the act failed to provide adequate means or procedure for enforcing its collection, such failure rendered the statute inoperative, and further, that although the act of 1906, as amended by that of 1914, remedied the defects in procedure in the former act by providing adequate means of enforcing the payment of the inheritance tax, as the act of 1914 was passed after the death of the testator, its provisions cannot be invoked to compel of his estate the payment of the inheritance tax claimed by the Commonwealth, and to do so would give the act a retrospective effect, which cannot properly be done.

The act of 1906 contained in Ky. Stats., section 4281a, which was in force when George G. DeWitt died, in part provides:

"All property which shall pass, by will or by the intestate laws of this state, from any person who may die seized or possessed of the same while a resident of this state, *or if such decedent was not a resident of this state at the time of death,* which property or any part thereof shall be within this state  .  .  .  shall be and is subject to a tax of $5.00, on every $100.00, of cash value of said property."  .  .  .

Section 4281m of the same statute in part provides:

"The county court of the county in which is situated the real property of the decedent who was not a resident of the state of Kentucky shall have jurisdiction to hear or determine."  .  .  .

It will be observed that although section 4281a, imposes the inheritance tax, the jurisdiction to ascertain the value of the property involved, fix the amount and enforce the collection of the inheritance tax was conferred on the county court by section 4281m of the act of 1906, which jurisdiction attached, and could only be exercised by that court in a county in which was situated real

property of the decedent not a resident of the state. As the act of 1906, including the section, *supra,* was in effect when DeWitt, a non-resident, died and there was then no real property in this state of which he died the owner, no county court of the state, down to the passage of the act of 1914, had jurisdiction to enforce the collection of an inheritance tax against or out of any personal property left by him having a situs in this state. It is likewise true that the circuit courts were as much without jurisdiction as were the county courts prior to the act of 1914. The section in question was construed by us in the cases of Comlth. v. Cumberland T. & T. Co., 146 Ky. 142; Comlth. v. Stumpf's Admr., 146 Ky. 132; Comlth. v. Southern Pacific Ry. Co., 150 Ky. 97, in each of which it was held that the county court was without jurisdiction to assess or compel the payment of an inheritance tax on the estate of a non-resident decedent where no real property was owned by such decedent in the state. In neither of these cases was it declared, nor could it properly have been held, that section 4281a of the act of 1906 was rendered inoperative by reason of the failure of section 4281m to provide a remedy for compelling the payment of such inheritance taxes as might be imposed by its provisions.

In our view of this case section 4281a of the act of 1906, in force at the time of DeWitt's death, by its terms imposed the inheritance tax the Commonwealth is here seeking to collect, and while its right to the tax arises out of the situs in this state of the property belonging to the estate of the deceased non-resident and the amount of the tax must be determined by the value of the property, after all is said its valuation and other steps preliminary to its collection is but a method of ascertaining the amount of the tax, which is not a tax on or against the property as such, but a tax on the transmission of or succession to property, or the right or privilege of taking it by will or descent, which it is the policy of practically all the states of this country to exact. The authorities supporting this proposition are so numerous that citation of only a few of them will be necessary. Booth's Exr. v. Comlth., etc., 130 Ky. 88; Leavell v. Arnold, 131 Ky. 426; Magoins v. Ill. Trust & Savings Co., 170 U. S. 283; State v. Hamlin, 86 Maine 495; Garth v. Switzler, 143 Mo. 287. Obviously if DeWitt had left real estate in Kentucky, though of trifling value, under the act of 1906

the same, together with the railroad stock, could have been assessed for the purpose of realizing this tax by the county court of the county containing the real estate. So there can be no doubt of the validity of the statute, or of the validity of its imposition of the tax.

As the act of 1906 imposed the inheritance tax in question and failed to provide adequate means for arriving at the value of the property out of which it is to be paid or of enforcing its payment, the question next to be determined is, what effect should be given the amendment of 1914, enacted two years after DeWitt's death? Can it be regarded as so remedying the defects of procedure in the former act as to make its provisions applicable in enforcing the collection of this tax? The act of 1914 is as follows:

"The county court in which is situated property of any nature or kind of a decedent who was not a resident of the state, or in which the will of said decedent might be probated, or in the county of which the decedent was a resident at the time of his death, shall have jurisdiction to hear and determine all questions in relation to the tax arising under the provisions of this chapter, and the first acquiring jurisdiction shall retain the same, to the exclusion of every other."

The fact must not be ignored that in the matter of an inheritance tax the valuation can be made and the tax paid at any time prior to the distribution of the estate (Comlth v. Cambron's Exrs., 158 Ky. 577), and it is admitted that the DeWitt estate, or the particular stock out of which the tax here must be paid, had not been distributed before the passage of the act of 1914, and has not yet been distributed. So the office of the act of 1914 is to provide the method of arriving at the value of the property out of which the tax must be paid and a tribunal with jurisdiction to enforce such valuation and the payment of the tax which had previously been imposed by an existing statute, and so long as the estate remains unsettled the legislature could or may, by a proper enactment, cure any defects in the law by which the tax was imposed, or a lien created for same, though it will result in giving the act a retroactive effect. This conclusion is supported by the following authorities: Ferry v. Campbell, 50 L. R. A. (Iowa) 92; Montgomery v. Gilbertson, 10 L. R. A. (N. S.) 986.

In Ross on "Inheritance Taxation," section 36, it is on this subject said:

"The rights and obligations of all parties in regard to the payment of an inheritance tax is ordinarily determinable as of the time of the death of the decedent. It is at that time that the title to the property passes to the heirs, devisees and legatees, and that the right of the public to the tax accrued, although actual enjoyment is postponed by the delays incident to the administration of the estate. The occasion for the tax being the devolution of property, it should usually attach to such interest only as arises by reason of a death subsequent to the passage of the act imposing the tax. The statute is not given a retrospective operation, so as to reach estates of persons who have died before its enactment, unless its terms clearly demand such an interpretation.

"*But the method of procedure for the ascertainment and determination of the tax is controlled by the statute in force at the time of the institution of the proceedings, although the tax itself and the rights of the parties are controlled by an earlier statute.*" Estate of Jarvis, 149 N. Y. 539; Estate of Sloan, 159 N. Y. 109; Cahen v. Brewster, 203 U. S. 543; Barclay's Trustee v. Comlth., 156 Ky. 456.

We do not regard the cases In re Estate of Embury, 59 N. Y. S. 82, and Estate of Pettitt, 72 N. Y. S. 469, upon both of which counsel for appellants strongly rely, as controlling in the instant case. In the first case it appears that the property involved had been removed from the state prior to the institution of the proceedings to tax the succession, and in the second case the court seemed to have wholly failed to discriminate between a general property tax and a tax on the succession to property, and also, without cause, to have assumed that the amendatory act sought to be applied in that case, by reason of its alleged retroactive effect, was rendered unconstitutional. We think these cases so in conflict with the great weight of authority, that we are unwilling to declare them the law in this state.

In our view of the case so long as the stock sought to be charged with the payment of this inheritance tax remains in this state undistributed, it is liable for such tax; hence, though the appeal prayed is granted, the judgment of the circuit court is affirmed. Whole court sitting.