## IN THE MATTER OF THE ESTATE OF HAROLD THORSON, DECEASED.[1]

### December 9, 1921.

### No. 22,571.

**Inheritance tax computed on value of property received under compromise.**

It is *held*, following the rule stated in State v. Probate Court of Kandiyohi County, 143 Minn. 77, in construing the inheritance tax statute in a case involving a compromise and settlement of rights arising out of a will in contest before the court, that the basis for the computation of the tax is the quantum or value of the property actually received under the compromise and settlement, and not the amount stated in the will and not in fact received.

Upon the relation of the attorney general the supreme court granted its writ of certiorari directed to the probate court for Ramsey county, Bazille, J., to review the action of that court in refusing to determine the inheritance tax upon that portion of decedent's estate received by certain persons under the terms of a compromise agreement. Reversed and remanded.

*Clifford L. Hilton,* Attorney General, and *Egbert S. Oakley,* Assistant Attorney General, for relator.

*Moore, Oppenheimer, Peterson & Dickson,* for respondent.

[1]Reported in 185 N. W. 508.

Brown, C. J.

Harold Thorson, late of Ramsey county, died on February 18, 1920, leaving a last will and testament disposing at his death all and singular his property and effects in the manner and to the legatees and devisees therein named. The total value of all specific legacies amounted to $211,323.25, including a gift of $5,000 to the Norwegian Lutheran Church of America, a religious corporation. The residue of the estate, amounting to something over one million dollars was given to St. Olaf's College, a religious and educational corporation of this state, at Northfield. The will was duly submitted to the probate court of Ramsey county for allowance and probate, and notice of hearing thereon duly given. On the date of such hearing a daughter of testator, and a legatee named in the will, appeared and filed a contest against the allowance of the same, upon the grounds stated in the written objections filed with the court. The contest was never submitted to the court for determination, the parties interested in the estate having effected a settlement of all matters in controversy, thus rendering a decision thereof unnecessary. By the settlement so made, which was formally approved by the probate court and filed therein, the contest was dismissed and withdrawn; the executors named in the will declined to act as such, and all concerned joined in a request for the appointment of P. O. Halland, a disinterested party, to act in that capacity in her place and stead. On the allowance of the will, which followed the settlement, he was duly commissioned executor and thereafter qualified as such. The shares of the children of testator, all named in the will as legatees in different amount, were by the settlement substantially increased over and above the amounts stated in the will, and the residue passing to St. Olaf's College correspondingly diminished. For illustration, Celia L. Thorson, daughter and contestant, received under the will the sum of $10,000; the settlement gives her $100,000; Thor D. Thorson, son and legatee, received by the will $500; the settlement gives him $90,000. The other heirs fare relatively the same. In consideration of the settlement St. Olaf's College covenanted and agreed promptly after the distribution of the estate "pursuant to the will and under authority of the court" to pay over to the heirs of testator the amounts set off to

150 M.—30.

them by the settlement.

In proceedings initiated by the state for the ascertainment of the inheritance taxes due from the estate or legatees, the probate court held that the basis for the computation thereof was the amount given the different legatees by the will, and not the amount received by each through the settlement. The cause is before this court in review of that conclusion on certiorari sued out by the attorney general on behalf of the state.

While the facts do not bring the case strictly within those appearing in State v. Probate Court of Kandiyohi County, 143 Minn. 77, 172 N. W. 902, known as the McIntyre case, the construction there given the inheritance tax statute applies, and, though perhaps an extension of the rule of that case, we adopt it as the basis for the ascertainment of the tax on facts like these here presented. In that case there was a will contest; the interested parties made an amicable, good-faith settlement and adjustment of their respective claims to the estate, and stipulated for an order by the probate court admitting the will to probate, and for a decree distributing the property of the estate in harmony with the terms of the settlement. The principal legatee by the settlement received less than the will gave her. It was there contended that the settlement should be ignored and the tax laid on the basis of the will as written. The point was not sustained, the court, in construing the statute, holding that the intent of the law was to lay the tax upon the share of the estate actually received by legatees or distributees, and not upon the amount specified in the will. And, since the principal legatee in that case did not receive the quantum of property specified by the will, the tax was levied upon what the settlement, made in good faith and without purpose to evade the tax, gave and set off to her. The only difference between that and the case at bar is that here no stipulation was made for a decree of the court distributing the property in accordance with the terms of the settlement. On the contrary, the court in this case will distribute the estate according to the will, and thereafter the residuary legatee will pay over to the heirs entitled to share therein the amounts agreed upon by the compromise and settlement. This difference in the facts is not substantial. The controlling fact,

namely, the receipt, by the heirs of a part of the estate which would not come to them except for the agreement, remains the same in each case.

The rule of construction so applied, as pointed out by Mr. Justice Holt in the McIntyre case, is not in harmony with the decisions of some of the other state courts, 26 R. C. L. 232, and citations, though it is supported by courts of high standing. The cases are cited in the former opinion. But we prefer the view of the statute as construed in that case as the most consistent with the legislative purpose to impose the tax upon what is in fact received, and not upon what the letter of the will grants but is not received. In that view it is immaterial whether the legatees by the compromise agreement receive more or less than that given by the will; the amount actually received will measure their liability for the inheritance tax. The legatee, who yields up a portion of his legacy in consideration of the settlement and to avoid litigation, must be deemed as renouncing his legacy to the extent shown by the settlement, leaving the amount thereof a part of the estate, and those who receive it, whether by formal decree of the court or by the settlement standing alone, should pay the tax thereon. The legatee who thus renounces a part of his legacy, when not exempt, to effect a settlement of a bona fide controversy, should not be penalized therefor by being compelled to pay a tax on what he so in effect turns back to the estate. The law favors compromises of the kind. 26 R. C. L. 232; State v. Probate Court of Kandiyohi County, 143 Minn. 77, 172 N. W. 902. In the case at bar the residuary legatee, St. Olaf's College, a religious and educational corporation of the state, is exempt from the tax. Chapter 410, p. 479, Laws 1919. But the exemption is personal and ceased and terminated by the settlement as to the portion of the legacy renounced. Those acquiring it by that agreement are in the same position, so far as the tax is concerned, as though it had come to them originally. If the estate in the hands of the college had not been exempt and the same settlement had been made, it would have been compelled under the rule applied by the probate court to pay a tax upon two or three hundred thousand dollars it did not in fact receive, and which it relinquished and surrendered to the estate in order to bring about the settlement and avoid prolonged litigation. Under the rule adopted the

tax falls upon those who receive the property, and in proportion as it comes to them. That seems just, it seems fair, is consistent with every legitimate claim of the state, and places the burden of the tax where it rightly belongs.

The order of the probate court will be reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

It is so ordered.