## Commonwealth, by Board, Revenue Agent v. Paynter's Administrator.

(Decided December 2, 1927.)

(Rehearing Denied, with Modification, March 2, 1928.)

### Appeal from Franklin Circuit Court.

1. Statutes.—Statute should have prospective operation only, unless its terms show clearly legislative intention that it should operate retrospectively.

2. Taxation.—Where testator died March 8, 1921, leaving property to wife, who died intestate December 19, 1921, inheritance tax may be collected on estates of both under Ky. Stats. 1918, sec. 4281a, and Ky. Stats. 1915, sec. 4281d (4), since tax on wife's estate became due and payable at her death, and Acts 1924, c. 111, sec. 2, prohibiting tax twice on same property within two years, was not retroactive.

3. Taxation.—Inheritance tax is indebtedness of state, and, when not paid within 18 months after death of decedent, proceedings for its collection may be instituted at any time within 5 years thereafter.

4. Taxation.—Acts 1924, c. 111, sec. 2, providing that inheritance tax should not be imposed twice on same property within 2 years, cannot deprive state of accrued taxes under Constitution, sec. 52.

5. Descent and Distribution.—Where husband predeceased wife, leaving property to her, and she died before his estate had been actually distributed, her children inherited estate from her, and not from father, since beneficial interest in husband's estate vested in her as his sole legatee, and she could have disposed of her interest in his estate at any time after his death.

6. States.—Act Cong. Nov. 23, 1921, c. 136, sec. 403 (U. S. Comp. Stats., sec. 6336¾d), providing that, where estate has paid estate tax, no such additional tax shall be levied on such estate within 5

years did not prohibit state from colecting two estate taxes on same estate within 5 years; it being intended to apply only to taxes levied under such act.

7.   States.—Right of state to impose inheritance taxes cannot be restricted or controlled by act of Congress.

HARRY D. KREMER for appellant.

MORTON K. YONTS and ELI H. BROWN, JR., for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Judge Thos. H. Paynter died testate on March 8, 1921, and by his will devised and bequeathed his property to his wife, Elizabeth K. Paynter, who died intestate on December 19, 1921, leaving surviving her two children. On September 8, 1922, the inheritance tax due on the estate of Judge Paynter was paid to the state, and on July 17, 1924, this action was instituted to recover state inheritance taxes, interest, and penalty upon the net value of the estate of Elizabeth K. Paynter.

The appellee, who was the defendant below, filed an answer, in which he alleged that a large portion of the property owned by Elizabeth K. Paynter at the time of her death was the same property that had been bequeathed to her as the sole legatee of her husband, and that no inheritance tax could be imposed upon that property, since to impose an inheritance tax on it would amount to imposing a tax twice on the same property within two years which is prohibited by subsection (j) sec. 2, c. 111, of the Acts of 1924, now subsection 5 of section 4281a-2 of the 1926 Supplement to Carroll's Kentucky Statutes. It was further alleged in the answer that, when Elizabeth K. Paynter died, no settlement or distribution of the estate of Judge Paynter had been made by her as executrix, and that she was never vested and possessed of the beneficial interest in the estate, and therefore her children inherited the property from their father, and not from Elizabeth K. Paynter. The defendant in his defense to the action also relied on the Act of Congress of November 23, 1921, c. 136, sec. 403, 42 Stat. 279 (U. S. Comp. Stats., sec. 6336¾d), which provides that, where an estate has paid an estate tax, no such additional tax shall be levied or paid on such estate within a period of five years thereafter. A demurrer to the answer was overruled, and, the plaintiff declining to plead further, judgment was entered dismissing the petition, and from that judgment this appeal is prosecuted.

Section 2, c. 111, of the Acts of 1924, provides in part:

"A deduction shall be allowed to persons of class A of section 2 for all property transferred by a decedent of class A of section 2 to any person of that class, provided the same property was transferred within two years to such decedent and a tax paid thereon in this state. This deduction shall not exceed the appraised value on which such tax was paid; providing, however, such property previously taxed can be identified as having been received by the decedent from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. Provided, further, that this deduction shall not apply in favor of one who becomes a member of class A by marriage contracted within said period of two years."

Section 4281a, Kentucky Statutes, 1918 edition, which was in effect during the year 1921, provided in part:

"All property which shall pass, by will or by intestate laws of this state, from any person who may die seized or possessed of the same while a resident of this state, or if such decedent was not a resident of this state at the time of death, which property, or any part thereof, shall be within this state, or any interest therein, or income therefrom, which shall be transferred by deed, grant, sale or gift, made in contemplation of the death of the grantor or bargainor, or intended to take effect in possession or enjoyment after such death, to any person or persons or to any body-politic or corporate, in trust or otherwise, or by reason whereof any person or body-politic or corporate shall become beneficially entitled in possession or expectancy to any property, or to the income thereof, shall be and is subject to a tax for the general use of the Commonwealth, upon the fair cash value of such property in excess of the exemptions hereinafter granted and at the rates hereinafter prescribed."

Section 4281d (4), Kentucky Statutes, 1915 edition, provided in part:

"All taxes imposed by this chapter, unless otherwise herein provided for, shall be due and payable at the death of the decedent."

Appellee insists that, because the law in effect during 1921 was altered by the act of 1924 so that an inheritance tax on estates passing to the widow or children of decedent cannot be imposed oftener than once in two years on the same property, it would be a violation of the 1924 act to permit the state to recover an inheritance tax on so much of the Elizabeth K. Paynter estate as had comprised a part of the Judge Paynter estate, and on which the inheritance tax had been paid on September 8, 1922.

It has been frequently held that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively. Greene v. Frankfort Distillery Co., 209 Ky. 427, 273 S. W. 28; Dunlap v. Littell, 200 Ky. 595, 255 S. W. 280; Kennedy v. Kennedy, 197 Ky. 784, 248 S. W. 182; Magee v. Commissioner of Corporations and Taxation, 256 Mass. 512, 153 N. E. 1; State v. Slusher, 119 Or. 141, 248 P. 358; Miner v. Stafford, 326 Ill. 204, 157 N. E. 164. No such intention appears in the act in question. Furthermore, under the law in force at the time Elizabeth K. Paynter died the inheritance tax became due and payable at her death, and became a vested right of the state. Section 52 of the Constitution provides:

"The General Assembly shall have no power to release, extinguish, or authorize the releasing or extinguishing, in whole or in part, the indebtedness or liability of any corporation or individual to this commonwealth, or to any county or municipality thereof."

In the case of In re Estate of Stanford, 126 Cal. 112, 54 P. 259, 58 P. 462, 45 L. R. A. 788, the court had before it for construction an act of the Legislature, which expressly provided that it should have retroactive effect and release certain classes of legatees from the payment of an inheritance tax due under a statute sought to be amended. Section 25, art. 4, of the California Constitution, is very similar to section 52 of our Constitution, and the court in the case of In re Estate of Stanford, supra, held that, if the act of the Legislature were permitted so to operate as to release the inheritance taxes that had been accruing under the former statute, the amending act would be unconstitutional and void. That case was approved in the recent case of Riley v. Howard, 193 Cal. 522, 226 P. 393.

Under the law then in effect the inheritance tax on the estate of Elizabeth K. Paynter became due and payable at her death, and before the enactment of the 1924 statute a penalty had been incurred for its nonpayment. The right of the state to the tax became fixed and vested and the lien therefor attached immediately upon her death, even though by virtue of the statute the time of payment was postponed. The tax was an indebtedness to the state, and, not having been paid within 18 months after the death of the decedent, proceedings for its collection could be instituted at any time within 5 years thereafter. Neither by repealing the former statute nor by making the act of 1924 retroactive could the Legislature deprive the state of accrued taxes, in view of the inhibitions contained in section 52 of the Constitution. The Legislature passed the act in 1924 which prohibited the collection of more than one inheritance tax on the same property within 2 years to correct what it deemed an injustice, but, unfortunately for the appellee, the act only applied to property transferred after it became effective, and the exemptions contained therein were substantive and not remedial, and could not affect prior acquired rights of the commonwealth in the tax.

While the estate of Thos. H. Paynter had not been actually distributed at the time Elizabeth K. Paynter died, the beneficial interest therein had vested in her as his sole legatee, and she could have sold or otherwise disposed of her interest in his estate at any time after his death. As executrix she only had possession and control of the estate and the proceeds thereof for the purpose of paying the decedent's debts and the costs of administration. At her death her children inherited the estate from her and not from their father, Judge Paynter.

The contention that the federal act prohibiting the collection of two estate taxes on the same estate within a period of five years has any application is without merit. The federal act was intended to apply only to taxes levied under that act, and not to limit the various states in imposing inheritance taxes. Furthermore, the right of the state to impose such taxes cannot be restricted or controlled by an act of Congress. Shaffer v. Carter, 252 U. S. 37, 40 S. Ct. 221, 64 L. Ed. 445.

Wherefore the judgment is reversed, with directions to sustain the demurrer to the answer.