## State Tax Commission v. Nettleton's Executor.

(Decided October 16, 1928.)

(As Modified, on Denial of Rehearing, December 18, 1928.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Taxation.—State acquires vested right to inheritance tax at time of death of testator, which right is determined by laws then in force, and cannot be affected by subsequent legislation under Constitution, sec. 52.

2. Taxation.—Inheritance tax on bequest of property in trust for permanent administration of charitable fund for benefit of aged members of Methodist Church became due and payable at time of testatrix's death, and was determined by laws then in force, Act March 15, 1906, c. 22, art. 19, secs. 1, 4, (Ky. Stats., 1918, sec. 4281a, subsec. 1, and Ky. Stats. 1915, sec. 4281d (4), though alternative plans for administration of the charity were outlined and left to choice of trustees, depending on adequacy of funds, since beneficiaries were not unknown.

3. Taxation.—Subsequent legislation exempting charities from inheritance tax held not to affect right of state to inheritance tax on charitable bequest, under Constitution, sec. 52, where state's right therein had vested on account of death of testatrix at time when charitable bequests were taxable.

4. Taxation.—Acts 1924, c. 123, authorizing refund of certain inheritance taxes paid on charitable gifts prior to date of decision construing Act March 20, 1916, c. 26, exempting charitable gifts, held not to warrant refund of inheritance taxes accruing prior to the act of 1916, under Constitution, sec. 52, irrespective of whether such taxes had been paid.

J. W. CAMMACK, Attorney General, and S. B. KIRBY, JR., Assistant Attorney General, for appellant.

W. W. THUM for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The right of the state to collect an inheritance tax, is presented by this proceeding. Elizabeth Cluff Nettle-

ton died testate on January 3, 1915, and her will was promptly probated in the Jefferson county court. Some small bequests were made by the will, and the residue of the estate was to be used to create a trust for the purpose of providing homes for indigent persons not less than 65 years of age, residents of Louisville, and who had been members of some Methodist Episcopal Church for not less than 25 years. An executor was appointed, and five trustees were named to administer the trust fund. The trustees were invested with power to choose one of two plans prescribed by the will for the permanent administration of the charitable fund. They were authorized to purchase and equip a home, or if the funds, after 10 years' experience, were deemed inadequate to acquire or maintain a suitable home, or if a home should be acquired and the operation of it prove unwise, then the trust fund was to be turned over to the Louisville Conference of the Methodist Episcopal Church South, to be devoted to the relief, comfort, or support of the class of persons entitled to enjoy the charity. The net value of the estate, as fixed by an appraiser with the approval of the county court was $30,627.98, upon which the commonwealth asserted an inheritance tax of $1,531.40. The executor, being advised that he was not liable for the tax, declined to pay it, and this proceeding was instituted to coerce its collection.

The county court decided in favor of the executor, and dismissed the proceeding. Like judgment was entered in the circuit court, and the state tax commission has appealed.

The case is governed by the Inheritance Tax Act of 1906, which was in force when the testator died. By that act it was provided, in substance, that all property which should pass by will was subject to a tax of $5 on every $100 of the fair cash value of such property, except the first $500, which was exempt from that form of taxation. There was expressly excepted from the tax any devise or bequest to or for the use of the testator's father, mother, husband, wife, lawful issue, the wife or widow of a son, or the husband of a daughter, or any adopted child, and any lineal descendant of such decedent born in lawful wedlock. Devises or bequests to charities were not exempted. The act provided that the taxes imposed were "due and payable at the death of the decedent." Act of March 15, 1906, c. 22, art. 19, secs. 1 and 4;

section 4281a, 1918. Ed., and section 4281d (4), 1915 Ed., Ky. Stats. We have held that the right to an inheritance tax due and payable at the death of the testator then became a vested right of the state, which could not be affected by later legislation. Constitution, sec. 52; Commonwealth v. Paynter's Adm'r, 222 Ky. 766, 2 S.W. (2d) 664.

It is insisted, however, that the beneficiaries under the will of Mrs. Nettleton were unknown in 1915, when the testator died, and for that reason no tax was then due. In the case of Commonwealth v. Cambron's Executor, 158 Ky. 577, 165 S. W. 979, it was held that the inheritance tax could not be collected during the life of Mary C. Cambron, for the reason that it was impossible to ascertain the amount of inheritance subject to the tax. The will there gave Mrs. Cambron more than a life estate in the property, and so much of the estate as was not consumed or exhausted by Mrs. Cambron during her life passed to collateral kindred. Mrs. Cambron's interest was not subject to inheritance tax, but any residuum of the estate that passed by the will to collateral kindred was subject thereto. Consequently the right of the commonwealth to collect the tax was, by a rule of necessity, postponed until the amount of the tax could be ascertained. In the present case the beneficiaries of the trust were known and the amount of the trust fund was ascertainable. The beneficiaries were the persons within the class created by the will. The agency for the temporary administration of the charity was the trustees, and a permanent agency was to be determined after an experimental period of 10 years. But necessarily it would be one of the two plans indicated by the will. The charity itself was established, and its beneficiaries fixed, described, and delimited by the will. There was no contingency contemplated or created as to that matter. The charity was not exempt from inheritance tax by the law in force when the death occurred. No exemption accrued when either agency for the administration of the fund was finally adopted. The tax was due and payable in either event. The amount of tax was known at the time of the testator's death, and was due and payable at that time. The administrator or executor was under a fixed obligation to pay, the state had a vested right to collect, and there was no necessity for waiting to ascertain or

assert the tax. De Witt v. Commonwealth, 184 Ky. 441, 212 S. W. 437.

Subsequent legislation exempting charities from inheritance taxes was prospective in operation, and could not affect the tax due in this case, inasmuch as the state's right to it had vested. Commonwealth v. Paynter's Adm'r, supra.

The Act of March 20, 1916, p. 293, c. 26, exempted from inheritance tax property bequeathed or transferred to institutions of purely public charity and to institutions of education not used for gain. In Bingham v. Commonwealth, 196 Ky. 318, 244 S. W. 781, it was held, following the case of Sage v. Commonwealth, 196 Ky. 257, 244 S. W. 779, that the exemption applied to charitable gifts to institutions, whether located within or without the state. In 1924 the General Assembly passed an act authorizing and directing a refund of certain inheritance taxes paid prior to November 3, 1922, the date of the decision in the Bingham case (Acts 1924, p. 452); but that act applied only to payments made after the act of 1916 was in effect, and before the Bingham decision was announced. If construed to warrant a refund of inheritance taxes accruing prior to the effective date of the act of 1916, it would violate section 52 of the Constitution, as indicated in the Paynter case, supra. The fact that the tax in this case was not paid by the executors is immaterial. Even if it had been paid prior to the announcement of the Bingham decision, it was not recoverable under the act of 1924. The right to the tax vested upon the death of the testator in 1915 and thereupon became a fixed claim due the commonwealth. That vested right could not be affected by subsequent legislation. It is clear, however, that the act of 1924 was meant to apply only to payments of inheritance taxes exempted by the act of 1916, after it became effective and before the Bingham decision was announced.

It is apparent, therefore, that the commonwealth was entitled to a judgment for the inheritance tax in accordance with the law in force in 1915, when the testator died, and the courts below erred in denying the relief sought by the appellant.

Judgment reversed for proceedings consistent with this opinion.