## Cochran's Executor and Trustee et al. v. Commonwealth.

(Decided December 18, 1931.)

EDMUND F. TRABUE and TRABUE, DOOLAN, HELM & HELM for appellants.

J. W. CAMMACK, Attorney General, and N. B. HOLIFIELD, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming in part and reversing in part.

This was an agreed case submitted to the court under and in accordance with section 637 of the Civil Code of Practice. It involves an interpretation of the inheritance tax statutes of the state. The controversy which was submitted came up in this way. John Cochran died testate July 7, 1929. He devised his residuary estate to his two sisters and a niece. A surviving brother contested the will. The contest was settled by the parties. By the terms of the settlement, the will was duly established by a consent judgment, but the executor of the will, upon the authority and at the direction of the residuary legatees, paid $25,000 to the contestant.

The commonwealth collected the inheritance tax on the entire residuary estate without making any deduction of the amount paid to the contestant. The first question concerns the correctness of the computation on the basis of the whole value of the residuary estate, without deducting the $25,000 paid the contestant of the will. The second question raised relates to the date of valuation for the purpose of computing the inheritance tax. The commonwealth adopted the date of the testator's death as the time for fixing the value of the estate subject to the tax. It is contended by the legatees that the valuation should be made as of April 15, 1930, almost a year after the death of the testator when the value of the property was substantially less. The latter date was the time of distribution, or at least the date when a distribution could be demanded by the legatees. The third question is whether the amount of federal income tax which was assessed against the estate and paid by the executor should be allowed as a deduction in computing the tax due the commonwealth. The circuit court decided all the questions in favor of the commonwealth, and the executor has appealed.

■ Kentucky Statutes, section 4281a-1, provides:

"All property within the jurisdiction of the state, real or personal, and any interest therein, belonging to inhabitants of the state, and all personal property wherever situated belonging to inhabitants of the state, and all real estate within the state, or any interest therein, belonging to persons who are not inhabitants of the state, which shall pass by will, or by the laws regulating intestate succession, or by deed, grant, bargain, sale or gift, made in contemplation of death, or made or intended to take effect in possession or enjoyment at or after the death of the grantor or donor, absolutely or in trust, to any person or persons or to any body-politic or corporate, in trust or otherwise, or by reason whereof any person or body-politic or corporate shall become beneficially entitled in possession or expectancy, to any property, or to the income thereof, shall be and is subject to a tax for the uses of the Commonwealth specifically prescribed in sec. 4281a-6, of this act, upon the fair cash value of such property in excess of the exemptions hereinafter granted and at the rates hereinafter prescribed.

"Such tax shall be imposed when any such person or corporation becomes beneficially entitled, in possession or expectancy, to any property or the income thereof, by any such transfer whether made before or after passage of this act, provided that property or estates which have vested in such persons or corporations before this act takes effect shall not be subject to the tax."

It will be observed that no express provision is made for the taxation of money derived from the compromise of a will contest. The tax is levied upon property "which shall pass by will," or "by the laws regulating intestate succession," or by a transfer made by the decedent in contemplation of death. The taxation of the estate in question under the statute must be applied to the property disposed of by the will, since all of the property of John Cochran passed under his will. No one inherited anything from him, and nothing passed by the laws regulating succession as in cases of intestacy. Whilst the legatees could not receive the property under the will until it was duly established, neither could the heirs inherit the property unless the will was set aside. The

will was legally established, and the question is whether money paid by the legatees to secure the probation of the will and the withdrawal of the contest is deductible under the statute from the taxable residuary estate. When the will was established, the legatees became entitled to the entire residuary estate. The money paid to the contestant by the executor was paid by the express authority of the residuary legatees. In that way the residuary legatees exercised dominion and control over the entire residuary estate, and disposed of the part of it paid to the contestant. The portion was not received by the contestant from the estate by devise or by descent, but it was received by him from the legatees as a contractual payment in compromise of existing litigation. Although his right to maintain the contest of the will was derived from his relationship to the testator, his title to the money came from the contract with the legatees.

The authorities upon this question are not in harmony. In Taylor v. State, 40 Ga. App. 295, 149 S. E. 321, the testator devised his property to a charitable institution. His heir interposed a contest. A compromise was consummated. The court held that each party to the compromise agreement should pay an inheritance tax on the amount received, treating the amount received by the heir as descended estate, and the amount received by the charitable institution as devised by the will.

In People v. Rice, 40 Colo. 508, 91 P. 33, the testator had devised his estate in trust. His son instituted a contest, and was paid a large sum to dismiss the proceeding. It was held that the inheritance tax was imposed upon the residue of the estate after deducting the amount paid in compromise. The court held that what the son got he took by virtue of his heirship, which made it subject to taxation.

In re Pepper's Estate, 159 Pa. 508, 28 A. 353, a will contest was compromised. It was held that the amount paid the contestant was not received by the legatee as such, and the legatee was taxable only to the extent of the money actually received by virtue of the will. A like result was reached in re Kerr's Estate, 159 Pa. 512, 28 A. 354, and In re Hawley's Estate, 214 Pa. 525, 63 A. 1021, 6 Ann. Cas. 572. In the case last cited the compromise was assailed on the ground that it was made fraudulently to escape a portion of the tax. It was said

that "an agreement to set aside a will and to make distribution in accordance with its provisions will not relieve legacies passing to collaterals from tax. Such an agreement is evidently collusive. But money paid in good faith in compromise of threatened litigation is not subject to tax." In State v. Probate Court, 143 Minn. 77, 172 N. W. 902, 903, it was held that, when a will was probated, by agreement, as the result of compromise to avoid a contest, each party to the agreement was liable to the extent of money received. The court said:

"True, theoretically the transfer occurs upon the death of decedent, when it is accomplished either by will or the intestate law. And the act provides that the basis of computing the tax shall be upon the money value of the portion received as of the time of decedent's death, or as soon thereafter as it is practicable to ascertain its then true value. The intention of the act is to compute the tax upon the value of the property which is received by an heir, or legatee out of a decedent's estate, and upon nothing else. . . . The law does not in terms provide that the tax shall be computed upon the will as written. The intent, no doubt, is to compute upon the portion received by each legatee or beneficiary." To the same effect is In re Thorson's Estate, 150 Minn. 464, 185 N. W. 508.

In the case of Stone's Estate, 132 Iowa 136, 109 N. W. 455, 10 Ann. Cas., 1033, the devisee renounced the will, the estate was not taxable to the new beneficiaries, and the administrator could not be subjected to a succession tax.

On the other hand, the courts of Illinois, New York, and Massachusetts have reached the opposite conclusion. Baxter v. Treasurer and Receiver General, 209 Mass. 459, 95 N. E. 854; Matter of Cook's Estate, 187 N. Y. 253, 79 N. E. 991; Estate of Graves, 242 Ill. 212, 89 N. E. 978. They hold that the compromise of a will contest under which money is paid to a contestant is a matter of contract, and the tax is imposed upon the amount devised by will or received by inheritance, but not upon money collected by virtue of a contract among living persons. When a compromise results in the establishment of the will, the entire estate must pass under the will. The disbursement made by the legatees is an act of their own

volition. As stated in the opinion of the dissenting judges in State v. Probate Court, supra:

"Those taking by will cannot change or escape the tax which the statute imposes, no matter how good their motive, by partitioning, among themselves what they get whether such partition operates favorably to themselves or advantageously to the state. This is the view taken in Massachusetts, New York, Illinois, Iowa, Nebraska, California, and Tennessee. Baxter v. Stevens, 209 Mass. 459, 95 N. E. 854; Matter of Cook, 187 N. Y. 253, 79 N. E. 991; Estate of Graves, 242 Ill. 212, 89 N. E. 978; In re Wells' Estate, 142 Iowa, 255, 120 N. W. 713; In re Sanford's Estate, 90 Neb. 410, 133 N. W. 870, 45 L. R. A. (N. S.) 228; Estate of Rossi, 169 Cal. 148, 146 P. 430; English v. Crenshaw, 120 Tenn. 531, 110 S. W. 210, 17 L. R. A. (N. S.) 753, 127 Am. St. Rep. 1025."

In some of the states where the contrary rule has been applied, the doctrine of partial renunciation of a will prevails, which permits an estate to pass in part by will and the remaining or renounced portion to pass by descent. But that doctrine does not obtain in this state [Hargis v. Flesher Pet. Co., 231 Ky. 442, 21 S. W. (2d) 818] except in the particular instances authorized by statute (section 1404, section 2067), not applicable in this instance. It may be unfortunate that the Legislature has failed to make specific provision for such a situation, but we are constrained to the conclusion reached by the circuit court that the statute as written compels the tax to be collected upon the entire amount received under the will, including any amount paid at the instance and upon authority of the residuary legatees to settle or to avert a contest of the will.

■ The second questions as to the date upon which the valuation of the legacies must be made for the purpose of the tax requires an interpretation of the statute (Ky. Stats., sec. 4281a-5, subsec. 2), which provides that the tax shall be due and payable upon testator's death. Of course, the tax cannot be paid upon that date, and some date for fixing the value must be taken. If the date of death is not prescribed, then none is fixed by the statute. The tax is upon the property received by the legatees; yet it must be determined by the value of that property at the date of the death, when the tax becomes

due and payable. Whether the law is fair or unfair is not for the court, but for the Legislature to determine, and, having fixed the date of death as the time when the tax accrued, it necessarily follows that the tax must be calculated upon the value of the property at that time. Com. v. Gaulbert's Adm'r, 134 Ky. 157, 119 S. W. 779; Com. v. Stoll's Adm'r, 132 Ky. 234, 114 S. W. 279, 116 S. W. 687. It is said that a depreciation in the value of the property after the death and before a distribution results in the legatees paying the tax upon a larger value than they received. Such may be the fact, but the converse is likewise true, and, when such property increases in value, the state does not get the benefit thereof. The inheritance tax statute applies in the event of death, and the state then has a vested right to collect the tax. Com. v. Paynter's Adm'r, 222 Ky. 766, 2 S. W. (2d) 664; State Tax Commission v. Nettleton's Ex'r, 226 Ky. 393, 11 S. W. (2d) 84. Since the tax is due and payable at the date of the death of the decedent, the fact that interest thereon does not start until a later date does not operate to postpone the time of valuation. The same statute regulates the matter of interest. Com. v. Gaulbert's Adm'r, supra. Such is the conclusion to be derived from the terms of the statute, and it is sustained by authority. In re Offerman's Estate, 25 App. Div. 94, 48 N. Y. S. 993; In re Sutton's Estate, 3 App. Div. 208, 38 N. Y. S. 277; In re Livingston's Estate, 1 App. Div. 568, 37 N. Y. S. 463; In re Earle's Estate, 74 App. Div. 458, 77 N. Y. S. 503; Matter of Vassar, 127 N. Y. 1, 27 N. E. 394; In re Penfold's Estate, 216 N. Y. 163, 110 N. E. 497, Ann. Cas. 1916A, 783; In re Ferguson (Wash.) 194 Pac. 771, 13 A. L. R. 122, Annotation, p. 127. Old Colony Trust Co. v. Burrell, (Mass.) 131 N. E. 321; 16 A. L. R. 689, Hazard v. Bliss, 43 R. I. 431, 13 Atl. 469, 23 A. L. R. 826. The circuit court was right in so holding.

■ At the date of the death of John Cochran, a federal income tax for the current year was assessable. It was necessary for the executor to make a report of the income and to pay a federal tax thereon. It is argued by the commonwealth that such tax is not a deductible debt under the statute (section 4281a-2) which provides that the deduction shall be made of taxes "accrued and unpaid." The argument for the commonwealth is that the federal income tax has not accrued until it is collectible by action, or by some coercive process. The argument obviously is inconsistent with our conclusion as to

the date when the property is to be valued for a calculation of the tax. The word "accrued" has various meanings. As used in the statute in question, it plainly means to allow deductions for fixed tax obligations to be paid out of the estate.

The tax has accrued within the meaning of the statute when the right to it has vested, and the liability for it has become fixed, although it may not be due or payable, or its payment may not be compelled, until a later date. O'Brien v. Sturgess (D. C.) 39 F. (2d) 950; Ewbank v. U. S. (C. C. A.) 50 F. (2d) 409; U. S. v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347; Hadley v. Com. Int. Rev., 59 App. D. C. 139, 36 F. (2d) 543; In re Hazard's Estate, 228 N. Y. 26, 126 N. E. 345.

It follows that the lower court was in error in denying the deduction of the amount of the federal income tax for which the estate was liable.

The judgment is affirmed in part and reversed in part, for a judgment in accordance with this opinion.

Whole court sitting.