**CRANE v. MANN et al.**

**No. 3918.**

Court of Civil Appeals of Texas. Beaumont.
April 21, 1942.

Rehearing Denied May 6, 1942.

Andrews, Kelley, Kurth & Campbell, of Houston, for appellant.

Gerald C. Mann, Atty. Gen., and Cecil C. Rotsch and Billy Goldberg, Asst. Attys. Gen., for appellees.

COMBS, Justice.

This suit involves an interpretation of the Texas Inheritance Tax Statutes, Chapt. 5, Title 122, R.S.1925, Vernon's Ann.Civ.St. art. 7117 et seq.

The statute art. 7117, levies an estate or succession tax upon property "which, shall pass absolutely or in trust by will or by the laws of descent or distribution" as well as property conveyed in contemplation of death. In the present case the will of the testator was contested by a son and the contest was compromised by an agreement, by virtue of which the will was probated, but a portion of the estate was given the contestant. The question raised by this appeal is: Shall the inheritance tax be computed upon the estate as a whole as having passed in accordance with the will or shall that part received by the contesting heir be considered as not passing under the will, leaving only that part actually received by the devisee to be taxed as property passing to her.

The testator, George W. Burkett, Jr., died in 1939, leaving an estate valued at $154,510.28. His nearest surviving kin were his son, George W. Burkett, III, and testator's sister, Mrs. Elizabeth Crane, plaintiff in this suit. By the terms of testator's will, the estate would have gone partly to the son, partly to the sister, and partly to certain religious and charitable uses. But by a codicil the whole estate was left to the sister, with unlimited power to use, expend, or give it away, subject to the provision that at her death the portion remaining should pass in accordance with the terms of the will. When the will and codicil were offered for probate the son contested their validity on various grounds. A compromise judgment was entered in the probate court, admitting the will and codicil to probate, and incorporating in the decree an agreement to the effect that the propo-

nent (appellant Mrs. Crane) should receive $98,484.82 and the son $56,425.46. The State Comptroller sought to collect the inheritance tax from appellant on the entire estate. Mrs. Crane filed this suit against the County Judge and the Tax Assessor and Collector of Harris County, the Attorney General, and State Comptroller, to enjoin collection of inheritance tax from her upon any portion of the estate except the $98,484.82, which she actually received under the compromise settlement of the will contest. The trial court denied her the relief sought, holding her liable for the tax on all of the estate, and she has appealed.

### Opinion.

Appellant's principal contention is clearly stated by counsel in the first proposition in their brief, as follows:

"Plaintiff's application to probate the will having been contested by the son of the testator upon allegations which, if sustained, would have resulted in nullifying the will, and such contest having been settled in the Probate Court by an agreement of the parties whereby plaintiff should receive property of the value of $98,484.82 and contestant should receive property of the value of $56,425.46, and the will thereafter having been admitted to probate by an agreed judgment of the Probate Court which incorporated in it the settlement agreement and admitted the will to probate subject to such settlement agreement, then within the meaning of Chapter 5, Title 122 of the Revised Statutes of Texas of 1925, as amended, only the sum of $98,484.82 'passed to' this plaintiff and she owes inheritance taxes to the State of Texas on such amount only."

It will be noted that a decision of this question will not only determine whether or not appellant shall pay all of the inheritance tax, including the tax on the portion which "passed to" the son of testator by virtue of the compromise but also will affect the total amount of tax to be collected by the State, since the statute levies the tax on a graduated scale and at rates which vary with the relationship of the recipient to the decedent.

The question is one of first impression in Texas. However, the courts of a number of other states having inheritance tax statutes similar to ours have passed on it and those decisions are in conflict. An interesting summary of the decisions will be found in the annotation to Fidelity & Columbia Trust Co. v. Kentucky, 78 A.L.R. 710, 716.

One line of authorities, a minority, holds that where a will contest is settled by an agreement whereby the will is probated and a portion of the estate goes to the contestant, the agreement is controlling and the inheritance tax is payable on the basis of the property received under the terms of the agreement. In re Thorson's Estate, 150 Minn. 464, 185 N.W. 508;. In re Pepper's Estate, 159 Pa. 508, 28 A.. 353; Taylor v. State, 40 Ga.App. 295, 149· S.E. 321; McCoy v. Gill, C.C., 156 F. 985.

The other line of authorities, the majority, holds that where a contested will is probated by virtue of a compromise agreement all the property is to be considered as having vested at the death of the testator in accordance with the terms of the will,. and hence the inheritance tax is to be computed upon all the property of the estate unaffected by the compromise agreement. In re Cook's Estate, 187 N.Y. 253, 79 N.E.. 991; Baxter v. Treasurer & Receiver General, 209 Mass. 459, 95 N.E. 854; Fidelity &. Columbia Trust Co. v. Commonwealth of Kentucky (Cochran's Ex'r v. Commonwealth), 241 Ky. 656, 44 S.W.2d 603, 78· A.L.R. 710; People v. Upson, 338 Ill. 145, 170 N.E. 276; MacKenzie v. Wright,. 31 Ariz. 272, 252 P. 521; In re Sanford's. Estate, 90 Neb. 410, 133 N.W. 870, 45· L.R.A.,N.S., 228; English v. Crenshaw, 120 Tenn. 531, 110 S.W. 210, 17 L.R.A., N.S., 753, 127 Am.St.Rep. 1025.

We think this the sounder rule. Moreover, the State Comptroller has acted in. accord with it for a number of years in collecting inheritance taxes. The parties have incorporated in the record by agreement several opinions of the Attorney General, which show that since the year 1929· that Department has construed the Inheritance Tax Statute to place the tax on the entire estate passing by virtue of the will, regardless of any compromise agreement which permits a portion of the estate· to go to a contestant. That Departmental construction having been acquiesced in by the Legislature of Texas for more than. twelve years is of itself persuasive and should not be overturned in the absence of strong reason therefor.

As against this construction Counsel for appellant point out that our Supreme Court in the recent case of ·State v. Hogg, 123·

Tex. 568, 72 S.W.2d 593, 594, held that the inheritance tax is a tax "upon the right of succession and not upon the property." And they contend that since the tax is upon the privilege of receiving property, appellant should not be compelled to pay on property not received but only on the property she actually received. That principle is not controlling here. Both lines of authorities cited above recognize it. It is our view that she did receive all the property by the terms of the will. The court could not alter the will and the fact that she gave up a part of the property to make good her title to the balance did not alter it.

 It is contended also that the $56,-425.46 received by the son was not received from Mrs. Crane but was received from the father's estate by virtue of the laws of descent and distribution since his right to maintain the contest was derived solely from his status as an heir of the testator. Counsel for appellant support that view by argument and citation of the decisions above cited. It would at first appear not only logical but also a more equitable and just rule of taxation than that announced above. However, there is much to be said on the other side, as a reading of the majority decisions will show. Regardless of the agreement which brought it about, the fact remains that the will of the decedent was probated and by the terms of it appellant received all of the estate. Without probating of the will she would have got no part of the estate. By agreeing for the contestant to take a part of the estate which the will gave to her, she purchased her peace and thereby secured unquestioned title to the balance. It is true that the son was able to maintain the contest because of his heirship, and so in a sense being an heir did enable him to get a portion of the estate. But appellant did not consent for him to share the estate because he was an heir but only because he was a contestant of the will which gave all of the estate to her. There is nothing to indicate that the son would have gotten anything if he had not contested the will, or that other children of the decedent, if he had left any, would have shared in the compromise settlement had they not been parties to the contest. Both the appellant and the probate court dealt with the son, not as an heir merely, but as a contestant of the will.

It is also suggested by counsel for appellant that the law favors compromises and that to hold Mrs. Crane liable for the inheritance tax on the whole estate would establish a rule which runs contrary to that principle by discouraging the settlement of will contests by compromise. We can see no reason why a holding that all of the estate passed by the will should discourage compromise settlements of will contests. The question of the payment of inheritance taxes is a matter which can be taken into consideration in any such compromise.

The judgment of the trial court is affirmed.