## Austin's Estate

Bryan, Joslin & Bryan, for accountant.
Wendell R. Good, for Commonwealth.

WAITE, P. J., September 6, 1944.—This matter is before the court on appeal of Margaret Louise Austin, executrix, from the refusal of the Register of Wills of Erie County, Pa., to allow as deductions for inheritance tax purposes the 1944 taxes set forth in exhibit "A" attached to the petition for appeal. Said taxes consist of County of Erie, City of Erie, and School District of the City of Erie taxes on certain pieces of real estate in said city and county, amounting to $1,756.92.

The record shows that Clement R. Austin (also known as C. R. Austin), a resident of said city and county, died testate on January 1, 1944, at 4:35 p.m. Under article I, sec. 2, of the Act of June 20, 1919, P. L. 521, as amended by section 2 of the Act of May 27, 1943, P. L. 757, the register of wills is authorized to determine the deductions to be allowed in ascertaining the clear value of the property subject to inheritance taxes, and under section 13 of said act an appeal by the fiduciary to the orphans' court is a matter of right. See opinion in the matter of the Estate of J. Shaughnessy, Orphans' Court of Erie County, Pa., February term, 1944, no. 95.

The question here involved is the date when the taxes above referred to for the year 1944 attach or accrue, and whether said taxes are debts of the decedent deductible from his estate in the determination of its clear value for inheritance tax purposes. Decedent having died at 4:35 p.m. on January 1, 1944, were the said taxes debts of his estate at the time of his death?

It is contended by counsel for petitioner that the said county, city, and school taxes for the year 1944 became debts of decedent on the first day of the year for which said taxes were levied, that is, January 1, 1944, being the same day on which decedent died.

It is the position of the Commonwealth that, at the date of the death, although the assessed valuation had been determined, the tax rate had not been set, and that accordingly it was then impossible to determine the amount of the tax due on the several pieces of real estate and that there was, therefore, at the time of decedent's death, no debt due on account of said taxes.

The situation here is somewhat unusual from the fact that decedent died on the first day of the year, the very day on which it is contended on behalf of the estate that the taxes accrued and became a debt of the estate. The precise question as applied to the deductions allowable in computing inheritance taxes has not been passed upon in Pennsylvania, so far as we have been able to determine. As we understand the practice in Erie County and City, and in fact throughout the Commonwealth, the valuation of real estate for taxation purposes is fixed and assessed for each successive year some time during the preceding year, although the actual tax rate or millage is not fixed until some time later, usually during the year in which the tax is payable. Relative to taxes on real estate transferred from one living person to another, it was held in an early Pennsylvania case, Shaw v. Quinn, 12 S. & R. 299 (syllabus), that "Taxes on real estate cannot be apportioned among the different persons who may become owners of it dur-

ing the year. The person charged at the *beginning of the year* is liable for the taxes of the *whole year*, though he alien before the day of the appeal." (Italics supplied.) The above authority is cited and approved in King v. Mount Vernon Building Assn., 106 Pa. 165, and in Provident Trust Co. v. Judicial B. & L. Assn. et al., 112 Pa. Superior Ct. 352, where the court says at page 356: "Taxes in Philadelphia are assessed *prior to the beginning of the tax year*, and the whole tax is due at the *beginning* of the year." (Italics supplied.) In Pennsylvania the inheritance tax is a transfer tax and the same rule applies as to the taxes upon transfer between living persons. In a Minnesota case, Thompson et al. v. United States, 8 F. (2d) 175 (U. S. D. C. Minn. 1925), where a resident died on May 1, 1919, and the Minnesota statute provides that estate taxes become a lien on May 1st for that calendar year, the court allowed the deductions for the estate for the entire 1919 taxes because they had become a lien on the same day that decedent died.

The position of the Commonwealth in the instant case that there was no debt because the tax rate or millage had not been fixed at the date of decedent's death and that it was, therefore, not ascertainable, is not tenable. Where the tax rate or millage was later fixed the amount of the tax became determinable and related back to the time of decedent's death. See Payne Estate, 25 Erie 233, citing Watson's Estate, 23 D. & C. 669 (1935), and Cochran's Executor and Trustee v. Commonwealth, in the Kentucky Court of Appeal, 44 S. W. (2d) 603; 78 A. L. R. 710, 1931.

For the reasons above stated the appeal is sustained and the deductions allowed for inheritance tax purposes.