## Pepper's Estate.    Commonwealth's Appeal.

*Collateral inheritance tax—Decedent's estate—Compromise of will contest —Act of May 6, 1887.*

The collateral inheritance tax is not payable on a sum of money which the legatees, who are all collaterals, authorized the executor to pay to a disinherited son of the testator, in pursuance of a compromise, whereby the son's caveat is withdrawn, and the will admitted to probate.

Argued Jan. 12, 1894. Appeal, No. 9, Jan. T., 1894, by the Commonwealth, from decree of O. C. Phila. Co., Jan. T., 1893, No. 320, on appeal from assessment of collateral inheritance tax, in estate of Edward Pepper, deceased. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.

Appeal from assessment of collateral inheritance tax.

The following facts were agreed upon by counsel : Edward Pepper died March 1, 1892, testate, unmarried, and leaving issue one son, Dr. Edward Pepper. By his will, dated March 18, 1891, after stating that his son, Dr. Edward Pepper, was amply provided for by the trust estate left to him by his father, the late George Pepper, he devised a legacy of $40,000 to Elvina

Eliza Mary Phelipot. The residue of his estate he directed to be divided into four parts. One of said parts he gave to the said Elvina Eliza Mary Phelipot; two other of said parts to Arthur M. Phelipot, and the remaining fourth part to David Pepper.

The son, Dr. Edward Pepper, filed a caveat and commenced taking testimony to contest this will. Pending these proceedings, after taking a great deal of testimony, he entered into an agreement of compromise, dated Feb. 27, 1893, by which he (Dr. Edward Pepper) withdrew all claim to the personal and real estate on the payment to him of $25,000.

David Pepper, the executor of the last will and testament of Edward Pepper, has paid the collateral inheritance tax on the real estate, and has also paid the collateral inheritance tax on all of the personal estate except the $25,000 paid to Dr. Edward Pepper, the son of testator, and the register of wills claims a similar payment on this $25,000.

The orphans' court disallowed the claim of the commonwealth, in the following opinion by HANNA, P. J.:

" The collateral inheritance tax is imposed, by the act of 1887, only upon such portion of the estate of a testator or intestate as passes at his death to the persons, etc., other than lineal descendants or ancestors described in the act. In this case, if the will was allowed to stand, the entire estate is liable to the tax; but the only son of testator, and to whom no bequest was made, for the reasons stated in the will, that he was already amply provided for, filed a caveat to contest the validity of the will. After some testimony had been taken, an agreement of compromise was entered into between some of the legatees and the caveator, whereby they authorized the executor to pay to him a certain sum out of the bequests to them in settlement of the controversy, and, in consideration thereof, the caveator agreed to withdraw the caveat, discontinue all proceedings, and that the will should be admitted to probate, etc.

" The question now arises-whether the legatees are liable not only to the collateral tax upon the balance of their legacies, but also to that upon the amount they agreed to pay the caveator in compromise and settlement. We have reached the conclusion that, under the most favorable construction of the act, so far as respects the contention on behalf of the commonwealth,

they are not so liable, and for the reason that the amount paid the caveator was never received by them as legatees, and, under the act, it is only so much of the estate which actually passes to them by virtue of the will that is liable to the tax. It will readily be seen if the contest instituted by the caveator had been successful he would be entitled, under the intestate law, to the entire estate, and freed from the tax. But instead of further litigation he accepted a portion of the estate, relinquished his claim to the balance, and thus, of course, reduced the amount passing to the legatees, and, in fact, to the extent of the amount he received, the will is a nullity. So that all the legatees take is the amount of their bequests, after deducting the sum paid the caveator. And this they concede is subject to the tax.

" This, we think, is the proper construction to be placed upon the act of assembly. A contrary view would not only be inequitable, but work a hardship upon legatees and distributees, and surely it was never contemplated thus to impose a double burden. And, it may be suggested, the compromise is infinitely more to the interest of the commonwealth than if the terms of settlement were reversed, viz., the will set aside, the entire estate received by the caveator, and then he had paid the legatees, as a gratuity, the amount they now receive. No tax whatever would then be paid. And, as shown in Kerr's Est., 2 Dist. R., 535, [affirmed, the next case,] the payment to the caveator 'simply reduced the estate afterwards passing to volunteers, with the same effect as if the reduction had been caused by the payment of debts, or if the payment or surrender had been the result of a suit terminating in favor of the claimant.'

" The appeal is sustained, and the appraisement for taxation corrected."

*Error assigned* was decree as above.

*Howard W. Page, S. Davis Page, E. P. Allinson, Bois Penrose* and *W. U. Hensel,* attorney general, with them, for appellant.—If it be true that only so much of the estate as actually passes to the legatees is subject to the tax, and that money

not actually received by them is exempt, the tax could be evaded in every instance by merely assigning the legacy and authorizing the executor to make payment to the assignee; and a creditor of a legatee or distributee who had attached his interest in the fund in the hands of the executor or administrator would take clear of the tax.

The act imposes the tax upon all estates "passing" to collaterals, not merely upon estates "actually" so passing; non constat, but that a devolution of title upon collaterals is a sufficient "passing" within the meaning of the act.  This view is strengthened by the fact that the commonwealth's right to the tax accrues, and is a lien on decedent's real estate, as of the date of his death: Frank's Est., 28 W. N. 323.

The legal effect of the compromise is the same as though the validity of the will had been established by a verdict in favor of proponents—the will is admitted to probate, the whole estate passes to collaterals, and of course becomes subject to the tax.  As the record stands, the executor cannot with safety pay the whole of decedent's estate otherwise than to collaterals; the orphans' court must so distribute it when his account is audited.  The will once admitted to probate, the title of the collaterals to the whole estate, less debts and administration expenses, relates back to the testator's death, and must be taken to have accrued as of that date, so that the caveator must, necessarily, take mediately through the Phelipots under the agreement of compromise, and not directly from decedent, as in case of intestacy: 19 A. & E. Enc. L., p. 181.

As the record stood the executor was bound to pay the whole estate to collaterals; the caveator had no standing.

The suggestion that the commonwealth should lose the tax because "if the contest instituted by the caveator had been successful he would be entitled, under the intestate law, to the entire estate, and freed from the tax," overlooks the fact that the legal effect of the compromise was the same as though the will had been admitted to probate without opposition: Small's Est., 151 Pa. 1.

*John S. Gerhard*, for appellee, not heard, cited: Act of May 6, 1887, P. L. 79; Orcutt's Ap., 97 Pa, 179.

Per Curiam, January 22, 1894:

All that is necessary to be said on the questions presented by this record will be found in the opinion of the learned president of the orphans' court. For reasons therein given we think there is no error in the decree complained of.

Decree affirmed and appeal dismissed with costs to be paid by appellant.