## Hawley's Estate.

*Taxation—Collateral inheritance tax—Decedents' estates—Will—Compromise.*

An agreement to set aside a will and to make distribution in accordance with its provisions will not relieve legacies passing to collaterals from the collateral inheritance tax; but money paid in good faith in compromise of threatened litigation is not subject to the tax.

Where certain legatees under a will claim that the provision for their benefit was in discharge of an obligation of the decedent, and the heirs deny the validity of the writing as a will because of the want of testamentary capacity, and the parties without fraud or collusion make·a compromise by which the will is set aside and the legatees are allowed a part of their

demands, the payment made to the legatees is not subject to the collateral tax. In such a case payments made to other legatees who had no demand against the estate, are also relieved from the tax.

Argued Feb. 27, 1906. Appeal, No. 376, Jan. T., 1905, from decree of O. C. Berks Co., June T., 1905, No. 73, directing payment of collateral tax in Estate of Jesse G. Hawley, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Petition for citation to compel payment of collateral tax. The facts are stated in the opinion of the Supreme Court.

The court entered the following decree:

That Kate E. Hawley and John W. Rauch administrators pendente lite of Jesse G. Hawley, deceased, pay to the register of wills, for the use of the commonwealth of Pennsylvania, the sum of $3,306.23, with interest thereon at the rate of six per centum from April 19, 1904, on account of collateral inheritance tax due in said estate of Jesse G. Hawley, deceased.

*Error assigned* was the decree of the court.

*Isaac Hiester*, for appellants.—No collateral inheritance tax is due to the commonwealth: Pepper's Estate, 159 Pa. 508; Kerr's Estate, 159 Pa. 512.

*Wm. Kerper Stevens*, of *Stevens & Stevens*, with him *William A. Shomo*, for appellee.—Where a legacy is given in payment of a debt, which is a legal obligation in the lifetime of the testator and at the time of his death, and the legacy does not exceed the amount due, and such legacy is accepted in full satisfaction, it is regarded as a payment and not as a mere bounty, and is not subject to the succession tax. But this principle cannot apply where no claim such as could have been enforced by a suit exists, as where the legacy is a pure gratuity based on the faithful performance of services rendered without expectation of reward and without liability on the part of the person receiving it: Gibbon's Estate, 13 W. N. C. 99; Walters's Estate, 3 Pa. C. C. Rep. 447; Stinger v. Commonwealth, 26 Pa. 422; Rubincam's Estate, 14 Phila. 306.

OPINION BY MR. JUSTICE FELL, March 19, 1906 :

The claim of the commonwealth is for collateral inheritance tax on money paid by the heirs of the decedent to persons who were named as beneficiaries in a writing purporting to be a will, which was not admitted to probate. The decedent died in 1903, leaving surviving him a widow and two daughters. Two writings purporting to be his wills were found. By the first of these, dated in 1899, he gave annuities to his sisters, and the rest of his estate to his daughters, except a bequest of $5,000 to his employees. By the second, dated in 1902, he provided annuities for his sisters, payable the first Monday of April, and gave to his employees who had been with him three years or upwards $10,000 " to be divided between them, giving to those who have been with me the longest time and the highest salary the largest sum and so on down, payable the first Monday of April each year." This paper throughout bears many evidences of mental confusion, and aside from these there seem to have been substantial reasons to doubt whether when he wrote it the decedent, who was not an illiterate man, was possessed of a sound and disposing mind.

A caveat was filed with the register of wills and negotiations were pending between the daughters and the employees, eighty-seven in number, for several months. The latter claimed that they had been induced to continue in the decedent's employ by his promise of additional compensation at his death, and that the provision in the writing was intended as a satisfaction of that obligation. These negotiations resulted in a written agreement by which it was provided that the employees should be recognized as creditors of the estate to the extent of a gross sum of $55,000. The register entered a decree reciting that all the parties in interest had been notified and had appeared before him, and that having considered the allegations and the evidence offered in the case he sustained the objections of the caveators and refused probate of the writing. The administrators pendente lite filed their account, and the amount due each employe was determined by the orphans' court.

No mere device intended to evade the payment of tax due the commonwealth can be effective. Courts look beyond the form of any arrangement by which the commonwealth is deprived of a tax to its substance to ascertain its real purpose.

An agreement to set aside a will and to make distribution in accordance with its provisions will not relieve legacies passing to collaterals from tax. Such an agreement is evidently collusive. But money paid in good faith in compromise of threatened litigation is not subject to tax: Pepper's Estate, 159 Pa. 508; Kerr's Estate, 159 Pa. 512.

It is averred in the answer to the petition for a citation that the controversy as to the validity of the will was not collusive but real, and that the compromise agreement was made in good faith to avoid a contest and not for the purpose of evading the payment of collateral inheritance tax. There is nothing in the testimony nor in the conduct of the parties to the agreement that raises a doubt of the truth of these averments. In the decision of the case they must be considered as established facts. That the annuities given to the employees of the decedent in the writing purporting to be his will were mere gratuities and gave rise to no legal obligation that they could enforce as creditors of his estate is of no importance. They claimed that the writing was a valid will and that the provision for their benefit was in discharge of an obligation of the decedent. The heirs denied the validity of the writing as a will because of the want of testamentary capacity. A settlement was made in which the employees were treated as creditors and allowed a part of their demands. This was clearly a compromise of a doubtful right to avoid litigation, by which the heirs parted with a portion of the estate in the purchase of peace. The employees took nothing under the will, and the money paid them was not subject to tax, unless the whole arrangement was collusive. Nor is the claim of the commonwealth affected by the fact that the annuities provided for the sisters of the decedent were secured to them without abatement. The contest was as to the whole writing and not as to a part. If it was invalid, their claims as annuitants fell with the others.

The decree of the court is reversed at the cost of the appellee.