19319. TAYLOR, executor, *v.* STATE OF GEORGIA.

JENKINS, P. J. A will devising all the testator's property to a charitable institution was offered for probate on October 23, 1924, and a caveat was filed by the sole heir at law of the testator. Thereafter an agreement was entered into between the devisee and the heir at law, whereby the will was admitted to probate, and the devisee thereafter conveyed to the heir one half of the real estate received under the will, and the executor divided the proceeds of the personal property equally between the devisee and the heir. Was the portion of the estate received by the heir under such agreement subject to inheritance tax? *Held:* Under the provisions of the inheritance-tax act of 1919 (Ga.

L. 1919, p. 58; Park's Code (1922), § 1041 (a)), all property "which shall pass on the death of the decedent by will or by the laws regulating descents and distributions" is subject to taxation, as therein provided. This act has been held to impose "a tax on the transmission of property by either of the methods stated in the act, and not upon the property itself." *Martin* v. *Pollock*, 144 *Ga.* 605 (87 S. E. 793). Thus, where a testator's sole heir at law, who is, by reason of being such heir, authorized to object to probate of the will of the testator, does so, and in order to induce the caveator to withdraw such objection and permit the will to be probated, the legatee named in the will agrees that the caveator shall receive a portion of the amount that the caveator would have been entitled to as such heir but for the will, the property so received by the caveator passes "by the laws regulating descents and distributions." This is true for the reason that but for such laws of descents and distributions and the rights of the heir thereunder, the caveator would have had no basis to contest the will and no right to claim any portion of such estate; and this is true even though pursuant to such agreement disposing of the caveat the property received by the caveator may have been actually transferred to the caveator by the legatee under the will, since the agreement of accord and satisfaction, whereby the respective rights of the legatee and the heir at law were adjusted, had the effect of rendering the will inoperative to the extent of the portion of the property received by the heir, and permitted it to pass in accordance with the laws of descents and distribution. See, in this connection, People *v* Rice, 40 Colo. 508 (91 Pac. 33); Hawley's Estate, 214 Pa. 525 (63 Atl. 1021, 6 Ann. Cas. 572); Pepper's Estate, 159 Pa. 508 (28 Atl. 353); Thorson's Estate, 150 Minn. 464 (185 N. W. 508). But see also In re Murray's Estate, 155 N. Y. Supp. 185 (92 Misc. 100); In re Graves Estate, 242 Ill. 212 (89 N. E. 978); In re Wells Estate, 142 Iowa, 255 (120 N. W. 713). Accordingly, the judgment of the superior court assessing the property received by the heir for taxation under the inheritance-tax act of force at that time must be affirmed.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED AUGUST 24, 1929.

*E. S. Taylor, Wright, Wright & Covington,* for plaintiff in error. *Maddox, Mathews & Owens,* contra.