McClelland, J.
The decedent’s will was admitted to probate by this court and later a will contest suit was filed. At the trial of the will contest suit a compromise agreement was affected between the contestants and Mae Wolfe, the residuary legatee *213 under the will, whereby said Mae Wolfe paid to the contestants $3200.00 of building & loan certificates and in consideration thereof the contestants withdrew the contest suit and permitted the will to stand as the valid last will of said decedent. The will now stands as probated.
This court determined the inheritance tax according to the provisions of the will, to which determination said Mae Wolfe filed her exceptions, claiming that the succession to the $3200.00 in building and loan certificates should not be taxed against her since she did not receive that amount under the compromise agreement.
The right of succession to property of which a person dies seized is a right acquired by virtue,of our statutory law. That right is governed either by our statute of descent and distribution or our statute of wills. In this case Mae Wolfe acquired her right of succession by virtue of the will of the testator. Since the will stands as probated, her title to said property vested in her as of the date of the death of the testatrix, and vested only by virtue of. the will duly admitted to probate (Section 10504-29, General Code).
The section of our statutes which levies an inheritance tax reads in part as follows:
“Section 5332. Property on Which Tax Levied. — A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, instituton or corporation, in the following cases:
“1. When the succession is by will or by the intestate laws of this state from a person who was a resident of this state at the time of his death.”
The tax is levied upon the succession, and the word “succession” as used in said section is defined in Section 5331, General Code, as follows:
“2. ‘Succession’ means the passing of property in possession or enjoyment, present or future.”
Since our Inheritance Tax Law imposes a tax upon the succession to property passing under the will, it imposes the tax against the person receiving the succession under the will, and against no other person.
*214 “It is important that in the assessment of this tax there should be a plain, simple rule. The property upon which the tax is to be assessed is that which passes by will or by the laws regulating intestate succession. When there is a will, whether or not it disposes of the whole estate of the testator, whatever does pass by it passes to the legatees therein named, and by force of the will passes to no other person.” Baxter v. Stevens, 95 N. E. 856 (Mass).
The facts and holdings of the court in the above case are set out in the head note as follows:
“Laws 1909, c. 490 pt. 4, Section 1, provides that a succession tax shall be imposed upon all property which shall ‘pass by will.’ A will leaving practically all of the property of the testator to her two nephews was contested by a sister of the testator and an heir at law, and the parties therein made an agreement by which the sister was to have one-half of the estate and each of the two nephews was to have one-quarter, which agreement was confirmed by the Probate Court and a decree entered thereon under Rev. Laws c. 148, Section 15-17. Held, that the phrase ‘pass by will’ describes only property that passes by the terms of the will as written, and not as changed by an agreement for compromise, and the amount of the tax was to be determined in accordance with the terms of the will.”
A compromise agreement made in connection with a will contest, when the will stands as probated, does not affect the terms of the will; its provisions stand unaltered. In the head-note to Baxter v. Stevens, supra, this statement is also found:
“Under Rev. Laws, c. 148, Section 15-17, providing for a compromise between the contestants of a will and its confirmation by the Probate Court with binding effect, the court does not admit to probate, a part only of a will, but. the whole will is admitted, and the concessions made are binding on the parties by the decree, and such concessions and the rights of the parties take effect under the agreement and the decree confirming it, and are not testamentary rights, or a modification of the will.”
It must be observed that Mae Wolfe in entering into the compromise agreement assumed and exercised present *215 “possession or enjoyment” of the Building & Loan certificates. In other words, she assumed title by succession under the will within the meaning of Section 5332, General Code. She did not renounce her legacy or any part of it, but it was by virtue of her succession under the will as residuary legatee that she assumed control and disposed of the certificates. In accepting and disposing of her succession to the certificates she became liable under our inheritance tax statute to the tax upon that succession. See In Re Cook, 187 N. Y. 253.
In accordance with Section 5336, General Code, the tax is determined and levied as of the date of the death except in cases otherwise specifically provided by the statute.
In the case of In Re Graves Estate, 242 Ill., at page 216 the court says:
“The Inheritance Tax Law provides that all property so descending, whether under the Statute of Wills or the Statute of Descent, shall be subject to a tax at certain specified rates at the fair market value thereof, which shall be due at the death..of the decedent. The tax is not upon the estate of the decedent but upon the right of succession, and it accrues at the same time the estate vests, — that is, upon the death of the decedent. Questions may arise as to the persons in whom the title vests, and such questions may affect the amount of the tax, and the person whose estate shall be chargeable with it; but when those questions are finally determined their determination relates to the time of the decedent’s death. No changes of title, transfers or agreements of those who succeed to the estate, among themselves or with strangers, can affect the tax. All questions concerning it must be determined as of the date of the decedent’s death.”
In the above case the holding of the court appears in paragraph 7 of the syllabus as follows:
“Where the entire residuary estate vests in the residuary legatees at the death of the testator, whose will disposed of his entire estate without mentioning a certain heir, no beneficial interest passes to such heir under any statute, and if the residuary legatees agree to pay her a certain sum if she will not contest the will, such sum, when paid to her by the executors as agreed, is taxable, under the *216 Inheritance Tax law, to the residuary legatees and not to the heir.”
Counsel for Mae Wolfe rely upon-the case of In Re Hawley’s Estate, 214 Pa. 525. The court in that case follows its former rulings in the cases of Pepper’s Estate, 159 Pa. 508, and Kerr’s Estate, 159 Pa. 512. The Pennsylvania rule is contrary to the cases we have cited: the court in the case of Baxter v. Stevens, supra, observing:
“So far as the case of Pepper’s Estate, 159 Pa., 508 Kerr’s Estate, 159 Pa. 512, are inconsistent with the conclusion to which we have come we cannot follow them.” and in the case of In Re Graves Estate, supra:
“The contrary view is held by the Supreme Court of Pennsylvania in Pepper’s Estate, 159 Pa. 508 and Kerr’s Estate, id. 512, but we cannot assent to the reasoning or the conclusion in those cases.”
After a review of the authorities upon this question in the light of our Inheritance Tax laws, we are of the opinion that the case of Baxter v. Stevens, supra, expresses the better rule and should be followed.
We therefore hold that the order heretofore made, charging Mae Wolfe with an inheritance tax upon the whole of her succession to which she was entitled under the terms of the will should stand, and that the exceptions of Mae Wolfe to such order should be overruled.
An order may be drawn accordingly.