352 Mich. 250 (1958)
89 N.W.2d 469
In re PEACOCK ESTATE.
PEACOCK
v.
DEPARTMENT OF REVENUE.
Docket No. 1, Calendar No. 46,900.
Supreme Court of Michigan.
Decided April 14, 1958.
*251 Frank C. Sibley (Thaddeus M. Skowronski, of counsel), for plaintiff.
Paul L. Adams, Attorney General, Samuel J. Torina, Solicitor General, T. Carl Holbrook and Percival R. Piper, Assistants Attorney General, for defendant Department of Revenue.
VOELKER, J.
This is an appeal from a judgment of the circuit court of Wayne county affirming an order of the probate court of that county determining an inheritance tax on the basis of the testator's will without regard to a codicil which was earlier admitted to probate and, following appeal therefrom by the appellant, was finally disallowed under the terms of a court-approved compromise settlement between the parties, the present controversy growing out of the following factual background:
Testator made a will on April 3, 1951, leaving everything to the appellant here (his then wife, Lou Marie Peacock) and to their minor son, Lee, Jr. Some 2 years later on April 19, 1953, he made a codicil leaving the major bulk of his estate to a church and a charitable boys' club. On May 21, 1953, testator died and thereafter both the will and codicil were admitted to probate. Neither instrument appears in the record, and the facts are but briefly stipulated or outlined, but one gathers after extensive dredging that sometime between the date of the will and the codicil testator and Lou Marie Peacock ceased to be man and wife. (We also testily note *252 that the appellant's briefs do not list or index the authorities cited and are fairly riddled with typographical and other uncorrected errors.)
From the allowance of the codicil Lou Marie Peacock, individually and as the probate-court-appointed guardian of Lee, Jr., appealed to circuit court, alleging, among other things, the unsound mind of the testator when he made it. This contest was never heard because while the appeal was pending the various parties in interest (including the named fiduciaries) entered into a written settlement agreement of the contest dated December 18, 1953. Under this settlement appellant there and here and the church and the boys' club agreed to compromise their differences as follows: the church agreed to take $8,000 in lieu of testator's house and furnishings (estimated as being worth $20,000) given it by the codicil; the boys' club agreed to take $2,500 in lieu of the $10,000 in cash bequeathed it by the codicil; the remainder of the assets in the estate (after paying out this $10,500) was to be probated under the will; the fiduciaries named in the will were to step aside in favor of a new fiduciary; and, upon confirmation of the settlement agreement by the circuit court, the probate court was to enter an order determining that the codicil "shall be void and of no legal force or effect and disallowed as a codicil to the last will and testament of said deceased." Nothing was said in this settlement agreement about any inheritance or other taxes.
Still saying nothing in its decree about such taxes, the circuit court, upon petition of appellant, formally approved the foregoing settlement of the contest of the codicil; disallowed the codicil; and dismissed the pending appeal from the probate court allowance of the codicil. Thereafter back in probate court Lou Marie Peacock was appointed administratrix with the will annexed; the 2 beneficiaries named under *253 the codicil were paid off as agreed; the original will was probated pursuant to the terms of the approved settlement agreement as provided by the so-called Dodge act (PA 1921, No 249, now re-enacted and superseded by part of the probate code [CL 1948, § 702.45 et seq. (Stat Ann 1943 Rev § 27.3178 [115] et seq.)]), and, as noted, the inheritance taxes were ultimately determined on the basis of the will alone, without any regard to the disallowed codicil or the settlement agreement or any amounts paid thereunder. As indicated, the circuit court affirmed that disputed determination and this appeal has resulted.
The circuit judge in his opinion of affirmance relied upon our decision in In re Cress' Estate, 335 Mich 551 (36 ALR2d 907), where we held that the inheritance tax should be computed by reason of the transfer of property by will unaffected by any subsequent compromise of a contest of that will.
Appellant urges that the Cress Case is not controlling on this case; that there no codicil was involved (which is true); and that in any case credit should at least have been given for the $10,500 paid out of estate assets under the settlement of the codicil contest. She urges that if the date of death is the controlling moment for fixing inheritance taxes, as Cress asserts, that when the testator here died he indeed left a will and a codicil which for inheritance tax and other purposes must be construed together; that the real reason the codicil was disregarded and disallowed as part of the settlement agreement below was in order not to cloud the title to the real estate, a principal asset of the estate.
While there are certain undeniable equities in appellant's position, we think that the main burden of her argument assumes too much that she would necessarily have prevailed had she pressed her contest of the codicil. On the contrary she might well *254 have lost that contest and had little or no inheritance tax or other financial problems to vex herself and her son  other than losing most of the assets of the estate. That is the other side of the equitable coin. As the Cress Case clearly shows, in some jurisdictions appellant in this situation might still have prevailed. Prior to that case she might even have prevailed here. Since then, however, we think we must agree with the learned circuit judge that our decision in this case must be controlled by the Cress Case.
We see no occasion to repeat what we there said and held more than to remark that our decision there was handed down almost a year before the present settlement agreement was reached. However harsh our rule in that case may be in some situations, it at least possesses the wry merit of certainty, and perhaps it is not too much to expect that the terms of such compromise settlements as this one (however desirable such settlements are in themselves), should thereafter have been reached with the probable implications of Cress in mind. How this might have been accomplished and the present difficulties avoided is not for us to say. It appears that the appellant ignored Cress at her peril in reaching the settlement. No claim of fraud is involved.
The judgment of the circuit court must be affirmed, without costs.
KELLY, SMITH, BLACK, and EDWARDS, JJ., concurred with VOELKER, J.
DETHMERS, C.J., and CARR, J., concurred in the result.
KAVANAGH, J., took no part in the decision of this case.