HERBERT L. EMANUELSON, JR., ADMINISTRATOR D.B.N., C.T.A. (ESTATE OF WILLIAM D. FITCH) *v.* JOHN L. SULLIVAN, TAX COMMISSIONER

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued April 7—decided June 14, 1960

*Charles J. Parker,* with whom, on the brief, were *Mary E. Manchester* and *Milton P. DeVane,* for the plaintiff.

*Herman Levine,* inheritance tax attorney, with whom, on the brief, were *Albert L. Coles,* attorney general, and *Frederic W. Dauch,* first assistant tax commissioner, for the defendant.

BALDWIN, C. J. The plaintiff, administrator of the estate of William D. Fitch, appealed to the Superior Court from a decree of the Probate Court for the district of New Haven determining the succession tax on the estate to be $119,808.57, as fixed by a computation of the tax commissioner, the defendant, filed in the Probate Court. General Statutes § 12-367. The Superior Court reserved the case for the advice of this court. The facts stipulated by the parties are, in summary: William D. Fitch, a resident of New Haven, died on January 24, 1949. On April 19, 1948, he had executed a will in which he made bequests of money to his stepgranddaughter, Suzette L. Mann; his stepgrandson, Thomas A. Bassett; his nurses, Helen Hadee and Claire H. Dunlap; a friend, Benjamin T. Trewin; and a former employee, John E. Wilson. He also bequeathed $5000 each to Trinity Episcopal Church, New Haven; the Gaylord Farm Association, Wallingford; the Crippled Children's Aid Society, Inc., New Haven; and the Leila Day Nursery, New Haven. He gave the residue of his estate in trust to pay the income therefrom for life to his stepson, John H. P. Bassett, with the direction that at the stepson's death the trust estate be divided into six equal shares and distributed to Suzette L. Mann, Thomas A. Bassett, Trinity

Episcopal Church, the Gaylord Farm Association, the Crippled Children's Aid Society, and the Leila Day Nursery, one part to each, absolutely.

On December 6, 1948, Fitch made a new will, expressly revoking the earlier will. In this will, he bequeathed $10,000 to Claire H. Dunlap; $5000 each to Trinity Episcopal Church, the Gaylord Farm Association and the Leila Day Nursery; and $2000 each to Benjamin T. Trewin and John E. Wilson. He gave the residue, in equal parts, to Helen C. Hadee and Beatrice M. Pierce. He thus eliminated from his benefactions his stepson, John H. P. Bassett; his stepgrandchildren, Suzette L. Mann and Thomas A. Bassett; and the Crippled Children's Aid Society. Furthermore, Trinity Episcopal Church, the Gaylord Farm Association and the Leila Day Nursery no longer shared in the residue. This will was admitted to probate on February 28, 1949, whereupon certain of the beneficiaries under the first will, as well as the testator's heirs at law, appealed to the Superior Court, contesting the probate. The contest proceedings were settled, and the appeals were withdrawn, in accordance with a compromise agreement wherein the second will was to stand except for the residuary clause. The residue was divided in stated shares among heirs at law as well as the legatees designated in both wills, including the church and the three charitable corporations. The agreement was duly approved by the Probate Court. See General Statutes § 45-231. The tax commissioner computed the succession tax as if the estate were to be distributed in accordance with the terms of the second will, already admitted to probate, and fixed the amount at $119,808.57. The plaintiff claims that the computation of the tax should have been made upon the distribution of the estate as set up in the

compromise agreement and that then the tax would be $92,222.21.

The Connecticut succession tax law in effect when the testator died in 1949 imposed a tax upon transfers of property, in trust or otherwise, by will, by the laws relating to descent and distribution, in contemplation of death, or by gift or grant intended to take effect at or after death. Rev. 1949, §§ 2020, 2021 (as amended, General Statutes §§ 12-340, 12-341). The rates of taxation favored beneficiaries according to their propinquity to the decedent and exempted gifts for charitable, educational, literary, scientific, historical or religious purposes. Rev. 1949, §§ 2026, 2027 (as amended, General Statutes §§ 12-344, 12-347). Upon the facts presented by the case at bar, the estate of the decedent, but for the compromise agreement, would have devolved in one of two ways: by a will admitted to probate or by the laws relating to descent and distribution. The right of inheritance or testamentary succession is fixed and determined at the moment of the decedent's death. *Blodgett* v. *Bridgeport City Trust Co.,* 115 Conn. 127, 144, 161 A. 83; *Watrous* v. *Connelly,* 141 Conn. 257, 265, 105 A.2d 654. Obviously, those who were entitled under the probated will to the residue have, by their own act, relinquished some of their share to satisfy the contestants. The interests the contestants now have in the distribution of the residue were acquired by virtue of their agreement with the residuary legatees under the will. In the final analysis, the testator's property devolves by virtue of the probated will, even though its effect may have been changed subsequently by those who took under it. The succession tax should, therefore, be computed and assessed on the basis of the disposition of the estate in the probated will. The

weight of authority in other jurisdictions supports this rule. *Baxter* v. *Treasurer,* 209 Mass. 459, 463, 95 N.E. 854; *In re Peacock Estate,* 352 Mich. 250, 253, 89 N.W.2d 469; *Indiana Dept. of State Revenue* v. *Kitchin,* 119 Ind. App. 422, 425, 86 N.E.2d 96; *People* v. *Union Trust Co.,* 255 Ill. 168, 182, 99 N.E. 377; *Pulliam* v. *Thrash,* 245 N.C. 636, 639, 97 S.E.2d 253; *Estate of Jorgensen,* 267 Wis. 1, 10, 64 N.W.2d 430; note, 36 A.L.R.2d 917, 922; 4 Page, Wills (Lifetime Ed.) p. 981.

The rule laid down in the case at bar will result in the denial of a tax exemption with respect to the amount passing under the compromise agreement to the Crippled Children's Aid Society and a reduced exemption with respect to the amounts passing to the three other charitable or religious organizations. Some jurisdictions have, in cases where an institution organized for charitable purposes relinquished a portion of its share under a will to heirs who were contestants, adopted the rule of computing the tax on the basis of the compromise agreement. *Taylor* v. *State,* 40 Ga. App. 295, 296, 149 S.E. 321; *In re Estate of Kierstead,* 122 Neb. 694, 704, 241 N.W. 274; *Re Taber's Estate,* 257 Pa. 81, 84, 101 A. 311. We are aware that the rule we are adopting is a sword which cuts both ways. It has the virtues of simplicity and certainty and avoids the possibility of compromise agreements designed to avoid a succession tax.

The questions on which our advice is asked are as follows: "(a) Should the Succession Tax on the transferees of the Estate of William D. Fitch be assessed on the basis of the identity of the distributees named in the purported will of December 6, 1948? (b) Should the Succession Tax on the transferees of the Estate of William D. Fitch be

assessed upon the basis of identity of those actually receiving the distribution of said estate in accordance with an agreement compromising the contest of said will?"

We answer question (a) "Yes" and question (b) "No."

No costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.