## Rusterholtz Estate (No. 1)

*James P. Bryan*, for appellant.

*James G. Hanes*, for Commonweatlh.

ROBERTS, P. J., January 19, 1961. — Blanch B. Rusterholtz died March 4, 1959, survived by her husband, son, and daughter. Decedent's will, dated July 13, 1956, was duly admitted to probate and letters testamentary issued. This appeal challenges the right of the Commonwealth to collateral inheritance tax on $4,500 paid by the children to decedent's friend in set-

tlement of a contest on a codicil involving a claimed $20,000 legacy.

The facts are not in dispute. Transfer inheritance tax at the appropriate rate has been paid on the clear value of decedent's property passing under her will. The compromise payment in question was made directly to decedent's friend by the son and daughter from their individual funds. The Commonwealth contends the $4,500 so received is subject to collateral inheritance tax; it, therefore, claims the difference between the 15 percent rate and the 2 percent rate on that sum.

The Commonwealth seeks to impose the transfer inheritance tax under section 1 of the Act of June 20, 1919, P. L. 521, as amended, 72 PS §2301, which provides, inter alia: "A tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein . . . to persons or corporations in the following cases:

"(a) When the transfer is by will or by the intestate laws of this Commonwealth from any person dying seized or possessed of the property while a resident of the Commonwealth, . . ."

In Shugars v. Chamberlain Amusements Enterprises, Inc., 284 Pa. 200, 205, it was held that under the act, ". . . the thing taxed was the right of succession or the privilege of receiving at death the property possessed by a decedent . . ." The tax is imposed on the beneficiary's right of succession to or the privilege of receiving decedent's property: Hoffmann Estate, 399 Pa. 96.

Viewing the Commonwealth's contention, in the light of the applicable statutory provisions and the facts here present, satisfies us that the Commonwealth's contention is without merit. The payment of $4,500 does not, under the instant circumstances, constitute a transfer of decedent's property by will or by the

intestate laws. Nor does its receipt represent "the right of succession or the privilege of receiving at death the property possessed by a decedent."

The sum was paid directly by decedent's son and daughter to the recipient from their personal funds, not as a transfer of property from their mother's estate, but in compromise to avoid litigation in connection with her will. This expenditure was for "the purchase of peace" in settlement of the doubtful right advanced. The recipient took nothing under decedent's will, and the sum received is not subject to this tax. See Taber's Estate, 257 Pa. 81.

In the absence of statutory or decisional authority, there is no legal basis for imposing the tax which the Commonwealth asserts, unless the whole transaction is collusive or is otherwise lacking in good faith or is designed to deprive the Commonwealth of tax properly due. No such situation exists here. It is not contended or even suggested that this is not a bona fide compromise and settlement, nor is there anything in the record to indicate that the compromise payment was employed as a device or technique to avoid tax.

The Commonwealth having failed to establish its right to the additional inheritance tax claimed, the appeal will, therefore, be sustained.

Accordingly, we enter the following:

### Decree

And now, to wit, January 19, 1961, after hearing and full and careful review of the entire record and consideration of the briefs and arguments of counsel, it is ordered, adjudged and decreed that the appeal is sustained and the Commonwealth's additional tax assessment calculated on the compromise payment of $4,500 is set aside. The appraisement and assessment for transfer inheritance tax shall be amended accordingly.