## Bowes Estate

*Robert P. Oberly,* and *Schnader, Harrison, Segal & Lewis,* for accountant.

*Robert J. Spiegel,* for legatee.

*Albert Bartolomeo,* for Commonwealth of Pennsylvania.

SHOYER, J., October 4, 1963.—Anne M. Bowes died November 12, 1962, not survived by a spouse, leaving

a will whereby, after the payment of her funeral expenses and all her just debts, she gave her real estate located at 7216 Battersby Street, Philadelphia, to her niece, Ella M. Weaver, absolutely and in fee simple, as provided in Item Second of the will; gave $500 to St. Matthews Catholic Church; gave $3,000 to Veronica McDonough; and gave the residue of her estate to her trustee, in trust, to pay over the net income to her sister, Catherine Hendron, or to the person or persons in whose care she may be, same to be used for the care, maintenance and welfare of her said sister during the term of her sister's natural life, with right to use principal if the income is insufficient for the care, maintenance and welfare of her said sister; and upon the death of her said sister, her trustee to expend reasonable sums for her funeral expenses and gravestone, and the remaining unexpended balance of the principal of the trust estate, together with any income accumulated therefrom, she gave to her niece, Ella M. Weaver, absolutely . . .

It appears that the testatrix was adjudicated an incompetent by decree of this court dated July 12, 1962. It further appears that on October 16, 1962, upon petition of the guardian of the incompetent, this court approved the sale of decedent's real estate, 7216 Battersby Street.

A caveat was filed by parties in interest protesting the probate of decedent's will dated October 7, 1961. Subsequently a family agreement was entered into, as a result of which the caveat was withdrawn and probate of the will dated October 7, 1961, was allowed and the distribution of the estate provided for. A copy of the family agreement is annexed. The family agreement is approved, and awards will be made in accordance therewith.

Section 407 of the Inheritance and Estate Tax Act of June 15, 1961 P.L. 373, 72 PS §2485.407, entitled "Compromise of Rights", provides: "In case of a compromise of a dispute regarding rights and interests of transferees, made in good faith, the tax shall be computed as though the persons so receiving distribution were originally entitled thereto as transferees of the property received in the compromise, conditioned upon an adjudication or decree of distribution expressly confirming distribution to such distributees. In such case, notice of the filing of the account and of its call for audit or confirmation shall include notice to the Department of Revenue."

The comment to this section states this is in conformity with existing law: Hawley's Estate, 214 Pa. 525; Pepper's Estate, 159 Pa. 508; Avery's Estate, 34 Pa. 204.

The auditing judge has no hesitancy in finding that both the contest and its compromise in the instant case were made in good faith. The 1957 will gave Veronica and her husband, or the survivor of them, $17,500, an amount approximating 50 percent of the decedent's estate. Decedent's sister was bequeathed but one-third of the remainder. The will dated October 7, 1961, reduced Veronica's bequest to $3,000 and gave the residue of the estate to decedent's sister and the latter's daughter, Ella M. Weaver. My adjudication of decedent's incompetency on July 12, 1962, involved a finding that Anne M. Bowes lacked the competency to change her domicile to her sister's home in Delaware County prior to October 7, 1961. The compromise of two-thirds to Ella M. Weaver, who is the sole support of her widowed mother, and one-third of the residue to Veronica, the contestant, fully exhibits good faith, and the auditing judge so finds . . .