PUTNAM TRUST COMPANY OF GREENWICH ET AL. *v.* TAX COMMISSIONER OF THE STATE OF CONNECTICUT

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued March 14—decision released April 10, 1979

*Edward J. Cooke, Jr.,* for the appellants (plaintiffs).

*Albert E. Sheary,* chief inheritance attorney, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Seymour M. Alpert,* first assistant commissioner of revenue services, for the appellee (defendant).

PER CURIAM. After a will contest concerning a codicil to a will, the contesting parties entered into a compromise settlement which the Probate Court accepted. In subsequent proceedings, the Probate Court determined that the state succession tax, General Statutes §§ 12-340 and 12-341, should be computed and assessed on the basis of the will and the codicil, without regard to the compromise agreement. This ruling was affirmed by the trial court in its dismissal of the plaintiffs' appeal. It is the only issue on the appeal before this court.

This case is governed by *Emanuelson* v. *Sullivan,* 147 Conn. 406, 161 A.2d 788 (1960). In *Emanuelson,* we held that the succession tax should be assessed on the basis of the identity of the distributees named in a purported will, despite a subsequent agreement compromising the contest of that will. Id., 410-11. The only distinction between this case and *Emanuelson* is that in this case the compromise agreement antedated the probating of the contested codicil and the Probate Court admitted the will and the codicil to probate subject to the terms of the compromise agreement. As the trial court observed, this is a distinction without a difference.

There is no error.