[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Plaintiff's Motion for Modification (#129)
The parties' marriage was dissolved on December 24, 1987. The Court ordered the plaintiff to pay to the defendant periodic alimony in the amount of $2,500.00 per month "non-modifiable by her until the death of either party, the marriage of the defendant or her cohabitation with another man as defined in the Connecticut General Statutes." This order is the subject of the plaintiff's motion seeking modification.
The plaintiff has alleged substantial changes in the financial circumstances of both parties both as to income and assets since CT Page 11380 the date of dissolution.
The plaintiff has failed to sustain his burden of proof as to substantial reduction in his income. The plaintiff's current income, including his salary and the benefits he gains from his current wife's operation of a business the plaintiff established, is not substantially less than his income at the time of dissolution.
Since the date of dissolution, the defendant's financial situation has changed because of the following events:
1. She became employed part time;
2. She began to realize the benefits of her inheritance from a deceased relative;
3. She inherited substantial assets and income rights from the estate of an aunt, who died testate on December 31, 1991.
4. She moved into a new home, an inherited asset, and began to earn rental income from the lease of the marital home.
The defendant concedes that the inheritance will give her substantial assets and income but that she cannot receive the benefits until inheritance and succession taxes are determined. The defendant asserts that the plaintiff's motion is premature.
A person's right of inheritance vests at the moment of the decedent's death. Emanuelson v, Sullivan, 147 Conn. 406, 409
(1960). It is not necessary to prove actual possession of the inherited assets or actual receipt of the devised income in order to make the necessary showing of a substantial change in circumstances. Bartlett v. Bartlett, 220 Conn. 372, 379-380
(1991). The change of circumstances occurs upon the vesting, not the distribution.
The defendant suggests that the exact value of her inheritance cannot be determined until estate taxes are determined. This may well be true, however, in this case the defendant has an immediate right to substantial income which is presently ascertainable. This income is presently not impacted by the ultimate final value of the assets she has inherited.
The defendant has elected not to use the available income for CT Page 11381 her daily needs but for preserving assets and paying expenses in reference to her heir's estate. This decision was voluntary and under no legal compulsion.
The defendant had no income at the time of dissolution. She presently receives income from her part time employment, from self employment and receives benefits paid in her behalf by the estate of her late aunt. In addition, she has the right of access to the income generated by her inherited assets.
The court concludes that the plaintiff has sustained his burden of proof as to a substantial change in the financial circumstances of the defendant.
The plaintiff's Motion for Modification is granted. (#129)
Effective November 2, 1993, the plaintiff shall pay to the defendant as periodic alimony the sum One ($1.00) dollar per year for the same term and subject to the same conditions ordered at the time of Dissolution.
II. Defendant's Motion for Contempt (#136)
This motion involves a claim of arrearages due on periodic alimony payments.
After the commencement of the hearing, the parties stipulated that the balance due on periodic alimony as of November 30, 1993 is $28,500.00[.] This amount, it was agreed, was subject to a reduction if the plaintiff was successful on his modification motion's request for a reduction, effective November 2, 1993, and subject to any credits for payments withheld by the Colorado court for the arrearages previously found.
In view of the court's granting the plaintiff's motion for modification effective November 2, 1993, the court now finds the arrearages reduced by $2,500, from $28,500 to $26,000 as of November 30, 1993. The balance is still subject to credits for any sums withheld by the Colorado court.
From the evidence presented, the court finds that the plaintiff's failure to pay the periodic alimony obligation was wilful. The defendant's motion for a finding of contempt is granted (#136). CT Page 11382
The defendant's request for attorney's fees is granted. The plaintiff is ordered to pay the defendant as counsel fees the sum of ten thousand ($10,000) dollars.
So Ordered.
NOVACK, J.