[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT
The issue in this probate tax appeal is whether, for the purposes of imposing state succession taxes, the decedent's estate was testate or intestate. The probate court found that the Commissioner of Revenue Services correctly computed the succession tax based upon a testate estate. The plaintiff appealed to this court. The parties have stipulated to all the facts in this case. The parties filed cross motions for summary judgment on the issue of the appropriate computation of the succession tax where the parties have entered into a settlement agreement approved by the probate court under General Statutes § 45a-43 4(c).
On July 28, 1985, the decedent, Mary D. Ficca, executed a last will and testament leaving all of her estate to her two children. On July 12, 1988, the decedent revoked the 1985 will and executed a new will leaving one fourth of her estate each to a brother and two sisters, with the remaining fourth of the estate left to the decedent's two children.
The Probate Court for the District of Torrington admitted the 1988 will to probate over the objection of the decedent's two children. The two children appealed the probate court's order to the Superior Court. While the court appeal was pending, all of the decedent's heirs entered into a settlement agreement.
The settlement agreement provided for a cash payment to each of the decedent's two children with the balance of the estate distributed one-third to each of the siblings of the decedent. The settlement agreement recited that the distribution was to be governed by General Statutes § 45a-434 (c).[1] The settlement agreement provided that the administration expenses were to be paid out of the residual portion of the estate and the two children were to pay their attorney's fees and costs from their share of the estate. Paragraph one of the agreement provided that the estate shall be settled as an intestate estate. The settlement agreement was approved by the probate court.
The plaintiff contends that the settlement agreement providing that the decedent's estate be treated as an intestate estate should supercede the prior probate approval of the 1988 will admitted to probate. The commissioner contends that because the 1988 will was admitted to probate prior to a settlement of the estate by the beneficiaries, the succession tax should be computed on the basis of the provisions of the 1988 will, not the CT Page 7120 settlement agreement.
The reason for the dispute in this case is that if the succession tax is based upon the disposition in the 1988 will, under General Statutes § 12-341b, a higher tax will be imposed upon the beneficiaries because the siblings of the decedent are taxed a higher rate than the decedent's children.
The concern of the commissioner is that parties to a probate proceeding may try to reduce the succession tax by an agreement to settle an estate contrary to the provisions of a will that would provide a basis for a higher succession tax. This concern fails to recognize that it is the legitimate right of every taxpayer, through careful planning, not to evade taxes, but to avoid taxes. Steelcase, Inc. v. Crystal, 238 Conn. 571, 587,680 A.2d 289 (1996).
Neither the plaintiff nor the commissioner have found any cases that have considered the issue before us.
The commissioner relies on the holding in Emanuelson v.Sullivan, 147 Conn. 406, 161 A.2d 788 (1960) to sustain his position. In Emanuelson, the probate court admitted a subsequent will of the decedent into probate. During the process of an appeal by certain beneficiaries named in the earlier will, a settlement was entered into. By agreement, the latter will remained as the probated will. The settlement agreement was made between beneficiaries named in the residual clause of the latter will with beneficiaries named in the first will. The court inEmanuelson stated that "[i]n the final analysis, the testator's property devolves by virtue of the probated will, even though its effect may have been changed subsequently by those who took under it. The succession tax should, therefore, be computed and assessed on the basis of the disposition of the estate in the probated will." Id., 409.
The court in Emanuelson was faced with a will that had been approved by the probate court and admitted by agreement of the beneficiaries. On the contrary, in the present case, the beneficiaries agreed to have the estate probated as an intestate estate, and this agreement was approved by the probate court.Emanuelson was also decided prior to the enactment of Public Act No. 77-417, which added to General Statutes § 45a-434 the provisions that are now in subsection (c) regarding the division CT Page 7121 of estates in cases where the will is contested. Prior to the enactment of Public Act No. 77-417, the statute was silent on the computation of the succession tax when a will is contested.
We begin our analysis with § 45a-434 (c), which deals with a contested estate such as the decedent's estate. In construing a statute "[o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature . . . In seeking to discern that intent, we look to the words of the statute itself; to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." Jupiter Realty Co. v. Board of Tax Review ofVernon, 242 Conn. 363, 368, 698 A.2d 312 (1997). A literal reading of General Statutes § 45a-434 (c) imposes a succession tax when a will has been contested under two alternatives, which can be made only with the approval of the probate court. The first alternative is for the probate court to approve a disposition of the assets of the estate by the terms of a will upon which all of the heirs are in agreement. Under this first alternative, if the beneficiaries of the estate, with the approval of the probate court, agree that the will may be admitted to probate, the estate becomes a testate estate. Under alternative two, if the beneficiaries do not agree that a will should be admitted to probate, but the beneficiaries agree upon a disposition of the assets of the estate, this disposition, with the approval of the probate court, comes under the laws of intestacy.
In this case, once the probate judge approved the settlement agreement providing that the estate be treated as an intestate estate, the approval had the effect of vacating the previous order admitting the 1988 will to probate. Otherwise, we would have one estate in probate that would be both testate and intestate. Under the commissioner's argument that the 1988 will admitted to probate remained valid for purposes of computing the succession tax, the determination of that tax would be contrary to the settlement agreement approved by the probate court under General Statutes § 45a-434 (c). We find it difficult to interpret § 45a-434 (c) so as to treat the decedent's estate as testate only for tax purposes and intestate for all other purposes when the plain language of the statute, when applied to the facts of this case, dictates otherwise. CT Page 7122
As we have previously noted, General Statutes § 45a-434
(c) requires the succession tax to be imposed on "the disposition provided for in whatever will or codicil, if any, is admitted to probate after such agreement or if no will or codicil is admitted to probate, then on the basis of the dispositions provided for under the laws of intestacy." (Emphasis added.) The plain language of § 45a-434 (c) indicates that the tax should be imposed based upon the disposition that results from the agreement of the parties. If the legislature had intended that § 45a-434 (c) be construed so that the succession tax would be imposed to the same extent as if there had been no such contest, it could have said so. General Statutes § 45a-434
(c) clearly states that "such agreement shall be a valid division of the estate if approved by the court of probate." Our function is to interpret statutes as they are written and not to read into a statute a provision that is not clearly stated. All BrandImporters v. Department of Liquor Control, 213 Conn. 184, 195,567 A.2d 1156 (1989).
The function of the commissioner, in carrying out the legislative mandate of imposing a succession tax on the privilege of receiving property from a decedent at death, is to compute and assess the taxes due the state. See Bannon v. Schwartz,215 Conn. 633, 638-40, 644 577 A.2d 1025 (1990).
The function of the probate court, on the other hand, is to authorize, supervise and control the activities of the fiduciary in the administration of a decedent's estate and to establish judicially the identity of the assets of the estate and the rights of the beneficiaries to share in these assets. G. Wilhelm,Settlement of Estates in Connecticut 2d, (1998) § 2:15. The beneficiaries of an estate are the decedent's creditors, the tax authorities, heirs, legatees, devisees, and, in some cases, the state. Id., § 2:14. The commissioner plays no role in the determination of how a decedent's estate should be distributed. As our Supreme Court said in the sole function of the commissioner is to compute and assess. Bannon v. Schwartz, supra,215 Conn. 644. Once the probate court determines who the beneficiaries are in an estate, the commissioner then determines "the allocation of the net taxable estate between the various classes of beneficies . . . in the process of computing the succession tax." Id., 645.
It would be inappropriate for us to amend the plain language of § 45a-434 (c) by judicial fiat to accomplish what the CT Page 7123 commissioner seeks. "[T]he intent of the legislature is to be found not in what it meant to say but in what it did say." AllBrand Importers v. Department of Liquor Control, supra,213 Conn. 195.
The plaintiffs motion for summary judgment is granted. The defendant commissioner's motion for summary judgment is denied. The plaintiffs appeal is sustained, and judgment may therefore enter in favor of the plaintiff without costs to either party.
Arnold W. Aronson, Judge Trial Referee